McFARLAND, Plaintiff in error, vs. THE STATE, Defendant in error.

*February 8 — March 1, 1887.*

*Criminal law and practice: Former conviction procured by fraud: Plea of former conviction not an admission of guilt.*

1. Where a person liable to be charged criminally, by fraud procures himself to be convicted of the offense, such conviction is no bar to another prosecution, except, perhaps, where the full penalty of the law has been imposed and suffered.
2. A defendant pleaded not guilty, also a former conviction. A trial of the issue formed on the latter plea resulted in a verdict that the former conviction was procured by fraud and collusion and was no bar to the prosecution. *Held,* that a conviction could not follow from such verdict, without a trial upon the issue made by the plea of not guilty.

ERROR to the Circuit Court for *Dane* County.

The plaintiff in error, *William A. McFarland,* was prosecuted before a justice of the peace at Deerfield in Dane county, for selling liquor without license. One Nelson appeared as his attorney. For some reason this prosecution was discontinued. On the day it was so terminated, the chairman of the board of supervisors of the town in which the offense is alleged to have been committed came to Madison and renewed the prosecution in the municipal court, by making due complaint against *McFarland* for the same offense.

On the same day, *McFarland* and Nelson and one Monson went before one Allen, a justice of said county at Cambridge, and there Monson, at the request of Nelson, made complaint against *McFarland* for the same offense. A warrant was issued, and *McFarland* was arrested by a constable and brought before the justice. He pleaded guilty to the charge in the complaint, and the justice fined him $10 and costs, which he paid and was discharged from custody.

McFarland vs. The State.

He was subsequently arrested on a warrant issued by the municipal court upon the complaint of the chairman, was arraigned in that court, pleaded not guilty, and was tried and convicted of the offense charged. He thereupon appealed to the circuit court. When the cause was called for trial in that court, he was permitted to plead his conviction before Justice Allen for the same offense in bar of the prosecution. The district attorney, on behalf of the state, replied that such conviction was procured by the fraud and collusion of the accused. The issue thus made on the special plea was tried before a jury, who rendered a verdict thereon for the state as follows: " We, the undersigned jury, impaneled to try the issue in this-case made upon the complaint, plea, and replication, find that the former prosecution and conviction pleaded in bar was had, but that it was procured by fraud and collusion upon the part of the defendant and is no bar to this prosecution. We therefore find the defendant guilty." There was no trial of the issue made by the plea of not guilty. That plea was not withdrawn when the special plea was interposed. The court held that judgment of conviction must go against the accused on the above verdict, on the ground that the special plea was a conclusive admission of his guilt. Thereupon motions in arrest of judgment and for a new trial were overruled by the court, and the accused was adjudged to pay a fine of $10 and costs. He has sued out a writ of error from this court to obtain a review and reversal of such judgment.

For the plaintiff in error there was a brief by *Hall & Rogers*, and oral argument by *Mr. Rogers*. To the point that the court erred in refusing to submit to the jury the question of defendant's guilt on the merits, they cited. 1 Wharton's Crim. Law, secs. 530*a*, 568, 572; *Comm. v. Goddard*, 13 Mass. 455; *Comm. v. Robinson*, 126 id. 259; *Hirn v. State*, 1 Ohio St. 16; *Barge v. Comm.* 3 Pen. & W. 262;

*Foster v. Comm.* 8 Watts & Serg. 77; *Solliday v. Comm.* 28 Pa. St. 13; *Nonemaker v. State*, 34 Ala. 211.

The *Attorney General*, for the defendant in error, argued, *inter alia*, that at common law a special plea in bar, either of "*autrefois convict*" or "*autrefois acquit*," was final and judgment was passed upon the determination of the plea. This rule was relaxed in the case of felonies but is still held in England in case of misdemeanors. *King v. Taylor*, 3 B. & C. 502; *King v. Gibson*, 8 East, 107. This rule seems to have been followed in several of the states. *State v. Epps*, 4 Sneed, 552; *State v. Green*, 16 Iowa, 240. And the rule has been frequently applied upon a plea of abatement where issue of fact is joined. *Comm. v. Carr*, 114 Mass. 280; *Guess v. State*, 6 Ark. 147. The rule seems to be that the defendant in a misdemeanor can have but one trial upon a question of fact, and that if he pleads a false special plea, final judgment goes against him. *State v. Allen*, 1 Ala. 442. If the distinction of the special plea being overruled as a matter of law upon demurrer, and the trial of a false plea as an issue of fact, is kept in view, it will serve to reconcile most of the authorities otherwise seeming to conflict. See *Barge v. Comm.* 3 Pen. & W. 262.

Lyon, J.   1. It is a rule of the common law, founded on a plain principle of natural justice, that no person shall be twice put in jeopardy of punishment for the same offense. This rule is embodied and perpetuated in both the federal and state constitutions.   One application of the rule is that a regular conviction or acquittal upon a prosecution for a crime, if pleaded, is a bar to a second prosecution for the same offense.

But if one liable to be charged criminally, by fraud procures himself to be acquitted or convicted of the offense, such acquittal or conviction is no bar to another prosecution therefor.   Whart. Crim. Pl. § 451.   Bishop, in his

McFarland vs. The State.

treatise on Criminal Law, says: "If one procures himself to be prosecuted for an offense which he has committed, thinking to get off with a slight punishment and to bar any future prosecution carried on in good faith, if the proceeding is really managed by himself, either directly or through the agency of another,— he is, while thus holding his fate in his own hands, in no jeopardy. The plaintiff state is no party in fact, but only such in name. The judge is imposed upon, indeed, yet in point of law adjudicates nothing. . . . The judgment is therefore a nullity, and is no bar to a real prosecution." Vol. 1, § 1010. It is probable, however, that if in such collusive and fraudulent prosecution the full penalty of the law for the offense has been imposed and paid or suffered by the accused, it would be a bar to a second prosecution for the same offense.

On this subject the learned circuit judge instructed the jury as follows: "If the defendant in this case procured the complaint in the case, which has been pleaded in bar, to be made by a person acting in collusion with him, or with the attorney of the defendant with the defendant's sanction, and with the expectation upon the part of the defendant of deriving some benefit from it by getting off better than by another prosecution, or thinking to avoid a prosecution which he thinks may be more serious to him, or with a design to avoid another prosecution the result of which he thinks might be more serious to him, then it is no bar." We think this instruction is a correct statement of the law. The testimony amply supports the verdict of the jury in that behalf. Thus far we find no error in the record.

2. The last sentence of the verdict — " We therefore find the defendant guilty " — is a mere conclusion of law from the finding that the prosecution and conviction before Justice Allen was collusive and fraudulent. It is not in any correct sense a verdict of guilty on the merits, and has no significance in the determination of the case. It was but a

repetition of the ruling by the court on the trial, to the effect that a conviction of the offense charged must neces-. sarily result from a verdict overruling the plea of *autrefois convict*. This brings us to inquire whether the plaintiff in error was properly convicted of the offense charged, without a trial of the issue of his guilt or innocence, when his plea of not guilty stood upon the record.

In England the rule adopted by the circuit court seems to prevail in prosecutions for misdemeanors, and it has been followed to a limited extent in this country; but the great weight of American authority is against it. We do not think the English rule rests upon any sound principle. Why a man should be held to have conclusively admitted himself guilty of an offense for which he is being prosecuted, merely because he avers that he has theretofore been prosecuted for the same offense and acquitted or convicted thereof and fails to prove it, we cannot comprehend. The verdict against him on such special plea is simply that he was not theretofore so acquitted or convicted of the offense charged. By what rule of logic or legal presumption can it be said that, because he asserts an acquittal or conviction therefor, which the jury negatives, he conclusively admits his guilt of the offense charged, or must be conclusively presumed guilty thereof? The plea of guilty before Justice Allen may perhaps be proved, when the case is tried on the merits, as an admission of the accused, to go to the jury for what it is worth like any other admission of a party against his interest; but to allow the state to repudiate the proceeding before Justice Allen, and treat it as a nullity, and still hold that the guilt of the accused is conclusively established by such proceeding, would be most illogical and unjust.

Take another view of the question. The rules governing the two pleas of *autrefois acquit* and *autrefois convict* are the same. *State v. Parish*, 43 Wis. 395. Now, suppose one criminally charged pleads that he has theretofore been tried

for the same offense and acquitted. The state takes issue on the plea, and the jury find that he has not been so tried and acquitted. The utter injustice, as well as absurdity, of convicting the accused on these proceedings, without further inquiry of the crime charged, is obvious. Such proceedings fail to establish a single element of guilt. Yet the English rule demands and upholds such convictions. We adopt the opposite rule, and hold, with most of the courts of this country, that the court erred in pronouncing judgment of conviction without a trial of the issue made by the plea of not guilty. On this subject, see Whart. Crim. Pl. §§ 420, 421, 486, and the numerous cases there cited.

*By the Court.*— The judgment of the circuit court must be reversed; but inasmuch as the issue on the special plea has been regularly determined, the cause will be remanded for a trial of the issue made by the plea of not guilty, unless different pleadings be interposed by leave of that court which will render a trial unnecessary.

See note to this case in 32 N. W. Rep. 226.— REP.