The State v. Smith.

---

THE STATE OF KANSAS v. PHILETUS H. SMITH.

No. 10681.

1. PRELIMINARY EXAMINATION — *sufficient basis for information if warrant give reasonable notice of general character and outline of offense.*  Where the preliminary examination had upon a criminal charge affords the defendant reasonable notice of the general character and outlines of the offense alleged in the information, it will be deemed sufficient to authorize a trial, although the offense was not set forth in the warrant of arrest with the fullness and precision necessary in an information.

2. COLLUSIVE PROSECUTION — *and conviction no bar to bona fide prosecution.*  Where a person who has assaulted and seriously wounded another fraudulently procures himself to be prosecuted and convicted before a justice of the peace, who imposes an insignificant penalty, and it is done for the purpose of avoiding a real prosecution and punishment for the offense committed by him, such conviction is not a bar to a prosecution brought in good faith where the State is a party in fact as well as in name.

3. ACCUSED AS WITNESS — *may be cross-examined as to previous admission inconsistent with his testimony.*  .The defendant having become a witness in his own behalf and testified that he had acted in self-defense, it was competent to inquire of him upon cross-examination whether he had not voluntarily gone before the justice of the peace and admitted that he had assaulted the prosecuting witness.

4. INFORMATION — *charging offense under § 38 of crimes act includes offense described in § 42.*  Facts averred in the informa-

43—57 KAN.

tion constituted an offense under § 38 of the act relating to Crimes and Punishments, and the offense defined in § 42 of the Crimes Act was fairly included in that charged in the information.

*Appeal from Trego District Court.*
*Hon. Lee Monroe, Judge.*

AFFIRMED.                         OPINION FILED JANUARY 8, 1897.

*F. B. Dawes,* Attorney General, and *Bond & Osborn,* for the State.

*H. J. Harwi,* for appellant.

JOHNSTON, J.   Philetus H. Smith was convicted of wounding Adelbert J. Alsop under such circumstances as would have constituted manslaughter in the fourth degree if death had ensued.   In his appeal he alleges several errors, one of which is that the charge in the information was not the same as the one stated in the warrant upon which he was arrested, and that, therefore, he has not had a proper preliminary examination. There is nothing substantial in this claim.   In each it is alleged that Smith unlawfully and feloniously and with malice aforethought made an assault upon Alsop with a deadly weapon, to wit : a four-tined pitchfork, and did then and there feloniously, on purpose, and with malice aforethought, strike, beat and wound Alsop.   In the one it is averred that he struck, beat and wounded Alsop with intent to maim him, while in the other it is alleged to have been done with intent to wound and maim.   The same fullness of statement necessary in an information or indictment is not required in a warrant or any of the preliminary papers.   The defendant should have rea-

1. Warrant giving reasonable notice of character of offense, sufficient.

sonable notice of the nature and character of the offense charged against him, but for the purpose of authorizing a trial it is only necessary that the defendant should be given

a fair opportunity to know by a proffered preliminary examination the general character and outlines of the offense charged against him.   He is required to take notice from the evidence introduced by the State on the preliminary examination, as well as from the papers in the case, the nature and character of the offense charged against him.   We think the charge in the warrant afforded the defendant reasonable notice, and that the principal purposes of a preliminary examination have been subserved in his case.   *The State v. Bailey*, 32 Kan. 83 ; *The State v. Tennison*, 39 id. 726.

The information is not open to the charge of duplicity, and the Court ruled correctly in denying the motion to quash.   It set forth facts sufficient to con-

4. Offense charged under § 38 includes offense described in § 42.
stitute an offense under section 38 of the act relating to Crimes and Punishments, and the facts as thus set forth were also sufficient to constitute the offense of wounding under such circumstances as would constitute manslaughter if death had ensued, under section 42 of the Crimes Act.   The crime of which he was convicted was fairly included in that charged in the information.   *The State v. Burwell*, 34 Kan. 312.

By way of a plea in bar the defendant alleged that he had previously been charged with the same offense before a justice of the peace and upon a trial had been adjudged guilty of assault and to pay a fine of $5 and costs.   He alleged that the fine and costs had been paid and that he had been discharged from custody.

The answer to the plea was a general denial, and it was further alleged that the complaint made against the defendant before the justice of the peace was a, pretense, filed at his request, and that he had pro-

2. Collusive conviction no bar to bona fide prosecution.

cured the charge to be filed against himself so as to avoid punishment for the real offense committed by him. It was further averred that the complaint was filed, and the plea of guilty offered and accepted, in the absence of Alsop, and without his knowledge or consent. The demurrer to the answer was properly overruled, and the testimony was amply sufficient to sustain the averments of the answer. It appears to have been a collusive and fraudulent transaction, begun at the instance of the defendant, with a view of defeating the law and avoiding the consequences of a prosecution brought in good faith, where the State was a party in fact as well as in name. A conviction so obtained is a nullity, and the proceedings do not bar a *bona fide* prosecution. *Commonwealth v. Dascom*, 111 Mass. 404; *The State v. Little*, 1 N. H. 257; *The Commonwealth v. Jackson*, 2 Va. Cas. 501; *The State of Iowa v. Green and Mann*, 16 Iowa, 239; *Watkins v. The State*, 68 Ind. 427; *McFarland v. The State*, 68 Wis. 400; 1 Bishop, Crim. Law, § 1010.

At the trial on the merits the defendant became a witness in his own behalf. He denied material statements made by witnesses of the State in regard to the occurrence, claiming that he acted in self-defense. Upon cross-examination he was asked whether he had not voluntarily gone before the justice of the peace and admitted that he had assaulted the prosecuting witness. An objection to the question was overruled, and of this complaint is made.

3. Accused may be cross-examined, as to what.

We think the testimony was competent. It would not have been admissible for the purpose of proving a record of the conviction, but it was proper to give to

the jury for what it was worth as an admission by defendant against his own interests.   Having taken the witness-stand in his own behalf and testified that he had acted in self-defense, it was proper to show an admission previously made wholly inconsistent with his claim.

Complaint is also made of an instruction as to the offense punishable by section 42 of the Crimes Act, in which it was contended the Court eliminated the question of intent.   This contention is not justified. The Court had previously instructed the jury with reference to the offense defined in section 38, charging that the criminal act must have been done with malicious intent.   In the instruction with respect to section 42 the Court stated that to convict under that section it was unnecessary to prove that the assault complained of was made with malice aforethought. The jury were properly charged upon the different degrees of manslaughter, including the essential ingredient of intent.

The testimony appears to be sufficient to sustain the verdict and judgment, and after a careful examination of all the specifications of error we find no reason for disturbing the judgment; it will, therefore, be affirmed.

All the Justices concurring.