## CROWDER *v.* STATE.

### Opinion delivered June 1, 1901.

FORMER CONVICTION—SUFFICIENCY OF PLEA.—Under act of February 9, 1893 (Sand. & H. Dig., § 2343, *et seq.*), providing in substance that whoever shall commit a misdemeanor may submit his case to a justice of the peace of the township in which the offense occurred, and that, upon his entering a plea of guilty, a judgment of conviction shall be entered, which shall be a bar to another prosecution for the same offense, *held*, (1) that the act is not unconstitutional as unduly circumscribing the territorial jurisdiction of justices of the peace; (2) that a plea of former conviction before a justice of the peace of another township than the one in which the offense was committed, upon a submission and plea of guilty, is not a bar to a subsequent conviction for the same offense before a justice of the peace of the proper township.

Appeal from White Circuit Court.

HANCE N. HUTTON, Judge.

*J. P. Roberts,* for appellant.

Under the constitution a justice of the peace has jurisdiction over misdemeanors committed in any township of his county, Const. Ark. art. 7, § 40. *Cf.* 35 Ark. 327. The jurisdiction of the justice was concurrent with that of the circuit court, and his judgment was a bar to further prosecution. 34 Ark. 188. Sand. & H. Dig., § 2343, restricting pleas of guilty in misdemeanor cases to justice courts of the township where the offense was committed, is unconstitutional. Art. 7, § 40, Const. Ark.; 5 Ark. 534; 7 Ark. 173; 14 Ark. 545; 2 Ark. 440.

*Jeff Davis, Attorney General,* and *Chas. Jacobson,* for appellee.

The plea of guilty should have been before a justice of the township where the offense was committed. Sand. & H. Dig., § 2343.

BUNN, C. J. This is an indictment for gaming. There was a plea of former conviction, verdict of guilty, and judgment and sentence accordingly, from which the defendant appeals, after motion for new trial filed and overruled. The plea of former convic-

tion is as follows, to-wit: "Comes A. H. Crowder, the above-named defendant, indicted as Gus Crowder, and files his plea of former conviction to the indictment herein, and says that he is not guilty as charged, because he says that heretofore, to-wit, on the 13th day of January, 1900, he pleaded guilty to said offense before Thomas Killem, a justice of the peace of Negro Hill township in White county, Arkansas, for playing "poker" in Red River township, White county, on the 9th day of January, 1900, which is the same identical game charged in the indictment herein as having been played on the 7th day of December, 1899; that he was fined by said justice of the peace for his said offense in the sum of $10 and the costs, which said fine and costs have long since been paid by the defendant; that he is the same person named in said indictment as Gus Crowder, and the offense with which he is charged is the same for which he was punished as aforesaid. A copy of the judgment of said justice of the peace as aforesaid is herewith filed, marked 'Exhibit A,' and is made a part hereof. Wherefore the defendant prays judgment for his discharge." The following judgment was entered by said justice of the peace, to-wit: "Now on this the 13th day of January, 1900, comes H. A. Crowder, and enters his plea of guilty to gaming by playing "poker" in White county, Arkansas, on the 9th day of December, 1899, where-upon the court assessed a fine against him for said offense for $10, and, having no constable in Negro Hill township, said fine is charged against H. A. Crowder, constable of Red River township, in White county." It thus appears that the defendant, H. A. Crowder, *alias* Gus Crowder, was constable of Red River township in White county, and that he is the party named in the indictment, and that he voluntarily appeared before Tom Killem, one of the justices of the peace of Negro Hill township in the same county, and pleaded guilty to having committed the identical offense charged in the indictment; that the offense was committed in Red River township on the 9th day of December, 1899. It appears, on the other hand, that, as charged in the indictment, the offense was charged as having been committed on the 7th day of December. The state interposed her demurrer to the plea of former conviction, which was sustained, and, on his refusing to plead over, judgment of conviction was rendered against the defendant, and a fine of $10 was assessed against him, and he appealed.

Briefly stated, defendant committed the offense of gaming on the 7th day of December, 1899, in Red River township. On the

13th of December he entered his voluntary plea of guilty before, a justice of the peace in another township, and this former conviction he pleaded in this case.    The demurrer to the plea was based upon section 2343 of Sand. & H. Dig., and was so sustained by the court.    The defendant contends that those sections of the digest are in controvention of the constitution, in this, that they circumscribe the jurisdiction of justices of the peace.    In our view of it, these statutes were enacted for the purpose of preventing frauds upon the laws in the cases of misdemeanor, and are not restrictions upon the jurisdiction generally of justices of the peace to hear and determine cases less than felony, but rather are wholesome provisions, regulating the manner of entering pleas of guilty and restricting the validity of such pleas to the townships in which the offense is committed, and providing the necessary statements of the plea, and other matters of mere procedure named therein. None of these requirements were observed, and the plea of guilty was therefore insufficient.

The judgment is therefore affirmed.