STATE *v.* CALDWELL.

Opinion delivered January 4, 1902.

1. DEMURRER—ABANDONMENT.—Where the state demurred to a plea of former conviction, and after the demurrer was overruled went into a trial on the merits, the ground of demurrer will be deemed abandoned. (Page 78.)

2. INSTRUCTION—DIRECTING VERDICT.—If there was a conflict of evidence, it was error to direct a verdict. (Page 78.)

3. FORMER ACQUITTAL—COLLUSION.—If a prosecution of a defendant before a justice was begun and a trial had under circumstances showing collusion or an intention to elude prosecution by the state, an acquittal under such circumstances would be no bar to an indictment. (Page 78.)

4. COLLUSIVE PROSECUTION—INSTRUCTION.—In a prosecution in the circuit court for a misdemeanor, it was not error to refuse to charge that if the jury found that a prosecution for the same offense was instituted in a justice's court at the instance of defendant's attorney, and that the cause was tried before the time of which the prosecuting attorney had been notified, an acquittal of defendant was no defense to the subsequent prosecution, though these matters were proper to be considered in determining whether there was a collusive prosecution before the justice. (Page 78.)

5. IDENTITY OF OFFENSES—PROOF.—Though an affidavit before a justice and an indictment do not appear to charge the same offense, that fact may be established by parol evidence. (Page 78.)

Appeal from Independence Circuit Court.

FREDERICK D. FULKERSON, Judge.

Reversed.

### STATEMENT BY THE COURT.

Appellee was indicted for carrying a pistol as a weapon. The first count charged that on the 1st of October, 1899, he did unlawfully carry a pistol as a weapon; the pistol not being such as is used in the army and navy of the United States. The second count charged that on the 1st of October, 1899, he did unlawfully carry a pistol as a weapon, said pistol being such as is used in the army and navy of the United States, but was not carried in his hand or uncovered.

Appellee pleaded former acquittal, setting up that on the 15th of October, before the indictment, he was regularly tried before a justice of the peace for the same offense. With the plea was exhibited a copy of the justice's docket, showing the affidavit of J. E. Daniels, which states that Lee Caldwell on the 14th of October, 1899, did carry a pistol as a weapon, said pistol not being such as is used in the army and navy of the United States. The copy of the justice's docket further showed the issuance and return of the warrant of arrest, the setting of the case for trial on the 17th of October, at 10 o'clock in the forenoon; the trial of the case at half past 7 a. m. on the 17th of October, 1899; that Daniels consented to the trial, and testified that appellee did not at any time carry a pistol concealed, but carried one such as is used in the army and navy of the United States; and further showed the judgment of acquittal.

The state demurred to the plea, alleging: First, "it did not state facts sufficient to constitute a defense;" second, "it did not state facts to show that defendant had been tried on the charge contained in the second count of the indictment."

The demurrer was overruled, appellant excepted and joined issue on the plea. The case was tried before a jury. As the court directed a verdict for appellee on the evidence, we set it out, substantially as follows:

W. C. Ashley testified: "I am a justice of the peace of White
River township. This is my criminal docket. There is a charge in
it against Lee Caldwell for carrying a pistol. I did not try him
on any other case. I tried him on the 17th of October. I was be-
fore the grand jury on this charge. I was called there to testify
about this same case. I told Mr. Campbell the trial was set for
10 o'clock, and asked him to come down; but he said he was too
busy in court. It was tried at half past 7 o'clock a. m. Mr.
Wright, Caldwell's attorney, came there Monday night, said he
wanted to get back to court, and asked if we wouldn't try it earlier
in the morning. I told him I had spoken to you about it. He
said you were busy and couldn't come. We saw the prosecuting
witness, and he agreed to have the trial next morning early. The
next morning we were there, including Mr. Daniels. I asked if
they were ready to proceed to trial, and they said they were. We
went ahead to try it. I suppose I entered up the judgment in ten
days. I always do. The prosecuting attorney did not appear
there that day. I had no opportunity to tell anybody but Mr.
Wright and Mr. Daniels that the trial would be at 7:30."

J. E. Daniels testified: "I am acquainted with the defend-
ant. I was a witness against him before Esquire Ashley last Oc-
tober. I testified in the case. The circuit court of the county
was then in session. About a week after I testified in the case
against Caldwell before Ashley, I appeared before the grand jury
and testified there about it. I testified before the justice of the
peace about defendant having a pistol. I saw him with it one
night in October, on the road from the depot down town, on the
road home. I testified to that. I did not know anything about his
having a pistol at any other time. That was the same matter I
testified to before the grand jury. I testified before the justice of
the peace about Lee Caldwell firing a pistol. He had it stuck down
about half way in his pants. I understood the justice was going
to have the trial at 7:30 a. m. on account of Mr. Wright. I swore
out the warrant. I don't know whether I had any authority to
represent the state or not. I am no lawyer. I made the affidavit
about Caldwell carrying the pistol this one time. I testified about
seeing him in the presence of the railroad agent at Sulphur Rock.
I have known Caldwell about three years. I believe I saw him
down town with the pistol that night. We were together, and
having a pretty good time. The only day in October, 1899, I saw

Caldwell with a pistol I saw him with it at two different times. The first time was at the store of Door Mercantile Company, in Sulphur Rock. I saw him pull it out, and fire it, and reload it, and fire again. I was with him during most of the day. We were intimate friends. At the request of W. S. Wright, who was the attorney of the defendant in the justice of the peace court, I made an affidavit before Esquire Ashley charging Caldwell with carrying a pistol as a weapon. All this occurred in Independence county."

The state's attorney asked the following:

1. "You are instructed that under the evidence and the record in this cause the purported trial and acquittal of the defendant by the justice of the peace, Ashley, is not a bar to the prosecution as to the second count of the indictment.

2. "You are instructed that if you find that an affidavit charging Caldwell with carrying a pistol as a weapon was made and filed with Ashley, a justice of the peace, by Daniels, at the instance or procurement of Wright as an attorney for defendant, and that the prosecuting attorney was notified by said justice of the peace of the time and place of trial, but that said justice held said trial before the time of which said prosecuting attorney had been notified, an acquittal of defendant by said justice before said time is no bar to this prosecution.

3. "You are instructed that if the prosecution of the defendant before the justice of the peace was begun, and the purported trial before him had, under circumstances showing collusion, or under circumstances showing intention merely to elude prosecution by the state, an acquittal of defendant under such circumstances would be no bar to an indictment for the same offense."

The court refused these requests, and directed a verdict for the appellee.

*George W. Murphy, Attorney General,* for appellant.

Since defendant could not have been convicted of the charge in the second count of the indictment on the trial before the justice of the peace, his acquittal on that trial was no bar to the prosecution against him under the second count. 34 Minn. 160; 42 Ark. 35; 46 Ark. 141. A trial and acquittal brought about by the procurement of a defendant is not a bar to subsequent prose-

cution.   32 Ark. 722; 56 Ark. 367; 60 Am. Rep. 867; 41 Am. Rep. 269; 34 Am. Rep. 273.

WOOD, J., (after stating the facts.)   The state, having joined issue on the plea and gone to trial on the merits, abandoned its ground of demurrer.   *Tabor* v. *Merchants National Bank,* 48 Ark. 454; 3 S. W. 805; *Langley* v. *Langley,* 45 Ark. 392; *Jones* v. *Terry,* 43 Ark. 230.

The court erred in directing a verdict for appellee.   There was evidence tending to show that the prosecution before the justice was instituted for the purpose of eluding prosecution for the same offense in the circuit court.   It was, at least, for the jury to say under the circumstances whether or not such was the object of the proceedings before the justice.

The third request for instruction on behalf of the state should have been granted.   *Richardson* v. *State,* 56 Ark. 367.   Bishop says:   "If one procures himself to be prosecuted for an offense which he has committed, thinking to get off with a slight punishment, and to bar any further prosecution carried on in good faith,— if the proceeding is really managed by himself, either directly, or through the agency of another,—he is, while thus holding his fate in his own hand, in no jeopardy.   The plaintiff state is no party in fact, but only such in name; the judge indeed is imposed upon, yet in point of law adjudicates nothing.   *   *   *   The judgment is therefore a nullity, and is no bar to a real prosecution."   1 Bishop, Cr. Law, § 1010; *McFarland* v. *State,* 68 Wis. 400; *Watkins* v. *State,* 68 Ind. 427, 34 Am. Rep. 273, and numerous authorities there cited.

The matters set forth in the second request were proper for the jury to consider in determining whether there was a collusive prosecution before the justice.   But the court did not err in refusing to tell the jury that these things if found constituted no defense.

The court did not err in refusing the first request.   While the affidavit before the justice and the charge in the second count of the indictment do not show that the appellee was charged with the same offense, the proof on the trial, introduced without objection, tended to show that it was the same offense, and that appellant, as we have said, was seeking prosecution in the one court in order to escape it in the other.

For the error indicated, the judgment is reversed, and the cause is remanded for new trial.