THE STATE OF KANSAS v. CARRIE FIELDS.

No. 14,016.   (78 Pac. 833.)

SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*Receiving Stolen Property—Insufficient Information.* The words, "the aforesaid neat cattle," used as a description of property in a count of an information charging the offense of receiving stolen property, are alone insufficient for that purpose; and they are likewise insufficient to incorporate into that count allegations of number, sex, age, color and brands characterizing cattle fully described in the preceding count.

2. ———— *Larceny and Receiving Stolen Property Held Separate Crimes.* Larceny and receiving stolen property are separate and distinct crimes, and the waiver of a preliminary examination on a warrant charging larceny only will not authorize the filing of an information charging the offense of receiving stolen property.

Appeal from Wallace district court; JAMES H. REEDER, judge. Opinion filed December 1, 1904. Reversed.

*C. C. Coleman,* attorney-general, *W. H. Wagner,* county attorney, and *Roark & Roark,* for The State.

*M. A. Chambers,* for appellant.

The opinion of the court was delivered by

BURCH, J.: On April 9, 1902, a complaint was filed before a justice of the peace of Logan county, charging appellant with the larceny of certain cattle. On the same day a warrant for his arrest was issued and served, which followed the language of the complaint in describing the offense. He waived a preliminary examination, and on the same day an information was filed in the district court of the county named charging him with larceny of the cattle described in the complaint and warrant. To this in-

formation he pleaded not guilty. On June 30, 1902, an amended information in two counts was filed, charging him in the first with larceny as before, and attempting to charge him in the second with receiving stolen cattle. A plea in abatement was duly filed to the second count, alleging that appellant was not a fugitive from justice, had not been given a preliminary examination upon the matters charged, and had not waived that step in the proceedings. A motion to quash the second count of the information was likewise duly filed, setting up two grounds of insufficiency, one being indefiniteness and uncertainty in the allegations made, and the other the want of sufficient allegations to constitute a public offense. The motion and plea were both overruled, and appellant pleaded not guilty.

After several trials, and after a change of venue to Wallace county, a verdict was finally returned against appellant for receiving stolen property, as charged in the second count. Motions for a new trial and in arrest of judgment were made and denied, and judgment duly rendered upon the verdict. On this appeal it is urged that the motions to quash and in arrest of judgment should have been allowed because no property was described in the second count of the information, the description given being simply ''the aforesaid neat cattle.''

It is elementary law in this state that each count of an information must in itself state all the facts necessary to constitute the gravamen of the offense. Each one must be as complete as if it stood alone and were the sole pleading. This is the rule even in civil cases ; and even in civil cases when, for the sake of brevity, avail is made of matter already alleged elsewhere it must be distinctly and intelligibly referred to, and by

such reference must be incorporated into, and made a part of, the adopting count. (*Gilchrist v. Schmidling*, 12 Kan. 263, 269, and cases there cited ; *L. N. & S. Rly. Co. v. Wilkins*, 45 id. 674, 26 Pac. 16.)

Greater laxity cannot be permitted in criminal cases.

"On the face of the indictment, 'every separate count should charge the defendant as if he had committed a distinct offense, because it is upon the principle of the joinder of offenses that the joinder of counts is admitted.'

"Each count in an indictment must be sufficient in itself, and averments in one cannot aid defects in another.

"To some extent the pleader may avoid repetitions by referring from one count to another.

"The reference must be so full and distinct as, in effect, to incorporate the matter going before with that in the count wherein it is made." (1 Bish. New Crim. Proc. §§ 426, 429, 431.   See, also, 10 Encyc. Pl. & Pr. 540 *et seq.*)

Evidently the pleader intended the words "the aforesaid" to relate to the cattle fully described in the first count, but they were inadequate to complete the second count.   As used, the scope of their reference is confined to the count in which they are found, and since no description of cattle appears there the charge was simply that the appellant received neat cattle. This case bears some analogy to that of *Regina v. Martin*, 9 Car. & P. 215, used by Bishop to illustrate the text already quoted.

"A first count charged an assault on 'Esther Ricketts, an infant above the age of ten and under the age of twelve years,' with intent to carnally know her ; the second charged a different form of attempt on 'the said Esther Ricketts.'   Thereupon this reference was held not to carry with it the allegation in the first count that Esther Ricketts was 'an infant

above the age of ten and under the age of twelve years.'" (1 Bish. New Crim. Proc. § 431.)

So, here, the words "the aforesaid" preceding the words "neat cattle" could not transfer to the second count the allegations of number, sex, age, color and brands characterizing the cattle described in the first count.

Without an identification of the stolen property received, the defendant cannot know the charge against him, and the record of his conviction or acquittal can afford him no protection against a subsequent prosecution. Therefore, it is the rule that a failure to describe with accuracy the property involved is fatal, unless it be averred that a further description is unknown. (17 Encyc. Pl. & Pr. 889, 890; Rap. Larc. & Kind. Off. § 317; 2 Bish. New Crim. Proc. § 982.) Such being the law, the motion to quash and the motion in arrest of judgment were both well founded.

A preliminary examination is a necessary step in the prosecution of a felony by information unless it be waived, or unless the party charged be a fugitive from justice. (Gen. Stat. 1901, § 5510; *The State v. Goetz*, 65 Kan. 125, 127, 69 Pac. 187.) Therefore, it is important to determine if appellant has waived such an investigation of the matters made the subject of the second count of the information—the only one now in controversy.

There is no doubt that a count for larceny and a count for receiving the stolen property described in the larceny count may be joined in the same information. (*The State v. Blakesley*, 43 Kan. 250, 23 Pac. 570; 17 Encyc. Pl. & Pr. 896; Rap. Larc. & Kind. Off. § 321; 2 Bish. New Crim. Proc. § 981.) Likewise, there is no doubt that a defendant, after a preliminary examination has been held, may be

bound over for a felony different from that charged in the complaint and warrant. (Gen. Stat. 1901, § 5495 ; *Redmond v. The State*, 12 Kan. 172.) The defendant must take notice from the evidence introduced on the preliminary examination, as well as from the papers in the case, of the nature and character of the offense charged against him. (*The State v. Smith*, 57 Kan. 673, 47 Pac. 541 ; *The State v. Bailey*, 32 id. 83, 3 Pac. 769.) It is also true that if a single felony be charged in the warrant, and the defendant waive a preliminary examination, or be bound over for that offense, the prosecutor may charge the single crime in as many different counts as may be necessary to meet the contingencies of the proof. (*The State v. Spaulding*, 24 Kan. 1.) But the rule seems to be that if the warrant charge a single felony, and the defendant waive a preliminary examination, the prosecutor is not at liberty to add to the information a count for a separate and independent offense. (*The State v. Jarrett*, 46 Kan. 754, 27 Pac. 146.) The language of the statute permitting a prosecution for a felony other than that charged in the warrant apparently limits the right to cases in which it appears upon a hearing that the defendant is guilty of such other offense. In *The State v. Spaulding*, 24 Kan. 1, 4, it was said :

"The prosecutor, in preparing the information, may use many counts, varying in them the formal and non-essential matters of the crime. He may not add a new offense. To larceny he may not add robbery ; nor to murder arson. Neither may he add to the larceny of one piece of property, the larceny of another. He may not substitute one offense for another ; but he may, by several counts, guard against the contingencies of the testimony." (See, also, *Turner v. People*, 33 Mich. 363.)

The authorities are unanimous to the effect that

under statutes similar to that of this state the offense of receiving stolen property is a distinct, separate and independent crime. (24 A. & E. Encycl. of L., 2d ed., 44; Rap. Larc. & Kind. Off. § 307.) This being true, the waiver by appellant of a preliminary examination on a warrant charging him with larceny did not authorize the county attorney to file an information against him for receiving stolen property, and the plea in abatement should have been sustained.

The state urges a number of matters against the right of appellant now to insist upon the plea in abatement, the motion to quash, and the motion in arrest of judgment, but the record discloses that such right has been fairly preserved.

Many assignments of error relating to proceedings had upon the trial of the case need no discussion, since the same questions may not arise again.

The judgment of the district court is reversed, and the cause remanded for further proceedings in accordance with this opinion.

All the Justices concurring.