STATE *v.* KETCHUM.

## Opinion delivered May 4, 1914.

1.  CRIMINAL LAW—FORMER JEOPARDY.—A defendant is not in jeopardy, as the result of a prosecution which he has himself procured to be instituted, unless, as a result of the prosecution so instituted, the full measure of the punishment provided by law is assessed against the defendant, or where the penalty is an exact or fixed one. (Page 70.)

2.  CRIMINAL LAW—FORMER JEOPARDY—PLEA OF FORMER ACQUITTAL.— Where a criminal prosecution has been had under Kirby's Digest, § § 2497-2502, of necessity defendant has plead guilty, and the statute contemplates the infliction of some punishment, and therefore a defendant in a prosecution under these sections, can not plead former acquittal in a later prosecution for the same offense. (Page 71.)

Appeal from Hot Spring Circuit Court; *W. H. Evans*, Judge; reversed.

### STATEMENT BY THE COURT.

Appellee was indicted for assault and battery, committed upon the person of one Emmett Luton, and at his trial filed a plea of former acquittal before one N. B. Henderson, a justice of the peace. The fight, out of which this prosecution grew, occurred on March 23, 1913, and appellee thereafter prepared a statement of the occurrence, swore to and filed it with the justice of the peace, and the said justice thereupon issued a warrant, and appellee was put under arrest, and on the 27th of March, 1913, the cause was heard by the justice of the peace, and the appellee was discharged. Appellee was the constable of the township where the fight occurred, and his father was one of the justices of the peace of that township, and there was a distant relationship between appellee and Mr. Henderson. This plea was submitted to a jury, and both justices of the peace gave testimony in support of it, and Mr. Henderson stated that appellee "plead guilty to his statement."

At this trial, the State asked the following instruction, which was refused: "If you believe from the evidence in this case that the alleged trial of the defendant

in the justice court was a collusive affair, or was done in bad faith, for the purpose of avoiding a trial on an indictment by the grand jury, and that said defendant was discharged without paying a fine, by reason of collusion, or in bad faith, then you are instructed that the law does not recognize his plea of former acquittal, as sufficient to avoid trial on the indictment returned by the grand jury.''

The State filed a demurrer to the plea of former acquittal, and exceptions were saved to the court's action in overruling it. The jury returned a verdict of not guilty, and the State has appealed.

*Wm. L. Moose,* Attorney General, and *Jno. P. Streepey,* Assistant, for appellant.

The State's demurrer to the plea of former acquittal should have been sustained. There was no attempt to comply with the statutes authorizing the submission of misdemeanor cases to justices of the peace. Kirby's Digest, § § 2497-2501.

*J. C. Ross,* for appellee.

After appellee prepared his statement and swore to it, a warrant was issued and he was put under arrest. Thereafter all parties, including the person with whom he had had the fight, appeared before the justice, and the case was tried on its merits. The justice had jurisdiction. Const. 1874, art. 7, § 40; Kirby's Digest, § 2083, subdiv. 5; 35 Ark. 327.

SMITH, J., (after stating the facts.) The instruction set out in the statement of facts is the law, and should be given in any case, where the evidence is sufficient to raise the issue of collusion. In the case of *State* v. *Caldwell,* 70 Ark. 74, it was said: ''Bishop says: 'If one procures himself to be prosecuted for an offense which he has committed, thinking to get off with a slight punishment, and to bar any further prosecution carried on in good faith, if the proceeding is really managed by himself, either directly or through the agency of another, he is, while thus holding his fate in his own hand, in no

jeopardy. The plaintiff State is no party in fact, but only such in name; the judge indeed is imposed upon, yet in point of law adjudicates nothing. * * * The judgment is therefore a nullity, and is no bar to a real prosecution.' 1 Bishop, Cr. Law, p. 1010; *McFarland* v. *State,* 68 Wis. 400; *Watkins* v. *State,* 68 Ind. 427, 34 Am. Rep. 273, and numerous authorities there cited.''

We think the demurrer should have been sustained and that the issue of former acquittal should not have been submitted to the jury. It appears from the quotation from the Caldwell case, *supra,* that one is not in jeopardy, as the result of a prosecution which he has himself procured to be instituted. Such is the rule as announced in the cases cited to support Mr. Bishop's statement of the law (subdiv. 3, of § 1010), unless as a result of the prosecution, so instituted, the full measure of the punishment provided by law is assessed against the defendant, or where the penalty is an exact and fixed one. Provision is made, however, under the statute by which any one who had committed an offense less than a felony, may plead guilty. Kirby's Digest, § § 2497-2502. These sections provide that any person who has committed a misdemeanor may submit a statement of the facts constituting a charge of said offense to a justice of the peace of the township in which the offense occurred, and the justice is then required to enter the substance of this statement on his docket, and to read the same to the offender, and enter his plea thereon, and if a plea of guilty is entered, the justice is then required to issue a warrant of arrest. Then, to ascertain the gravity of the offense, the justice is required to subpoena the person maltreated and such other witnesses as are necessary to give a clear understanding of the circumstances of the case; and, ''said justice of the peace shall immediately after the examination of said witnesses render judgment against said offender, fixing and specifying the punishment of said offender and for all costs incurred, as in the procedure in other cases of misdemeanor.'' And such judgment is made a bar to another prosecution for the

same offense. The sections just cited were construed in the case of *Crowder* v. *State,* 69 Ark. 330, and it was there said: "In our view of it, these statutes were enacted for the purpose of preventing frauds upon the laws in the cases of misdemeanors, and are not restrictions upon the jurisdiction generally of justices of the peace to hear and determine cases less than felony, but rather are wholesome provisions, regulating the manner of entering pleas of guilty and restricting the validity of such pleas to the townships in which the offense is committed, and providing the necessary statements of the plea, and other matters of mere procedure named therein."

For one to avail himself of this statute he must comply with its terms, and when he has done so, he may plead the judgment of the court as a former conviction. These sections contemplate the infliction of some punishment and the rendition of judgment for the costs as an incident thereto. They do not contemplate the ordinary trial, as the defendant's plea of guilty is entered on the docket before the witnesses are subpoenaed and the evidence is heard to "ascertain the gravity of the offense." One can not, therefore, plead former acquittal as a result of a prosecution had under these sections.

Appellee can have no immunity from prosecution, under the indictment returned against him, because of the judgment of the justice of the peace. If the prosecution before the justice of the peace was not had under these sections, 2497-2502, Kirby's Digest, then the judgment is void because appellee himself instituted the prosecution, and the maximum punishment provided by law was not imposed.

The judgment will be reversed and the cause remanded with directions to the court to sustain the demurrer, and for a trial of the cause upon its merits, as no imprisonment can be imposed upon appellee as a part of the sentence, if he should be convicted.