## L. A. RICHARDSON V. THE STATE.

No. 11269.   Delivered April 4, 1928.

**1.—Driving an Auto While Intoxicated—Charge of Court—On Circumstantial Evidence—Properly Refused.**

Where the facts proven are in such close juxtaposition to the main facts as to be equivalent to direct testimony, the omission to give the charge on circumstantial evidence was not calculated to injure the defendant's rights, and was properly refused.   See Baldwin v. State, 31 Tex. Crim. App. 589.

**2.—Same—Public Road—Evidence Sufficient.**

Where the indictment charged appellant with driving a motor vehicle upon the Bettie and Simpsonville public road, and the evidence showed that such road had been designated by an order of the commissioners court and had been generally known as the Bettie and Simpsonville road and used as a public highway for fifty-five years, same was sufficient.

**3.—Same—Continued.**

It has been held that a road which has long been used as a public road, and had been recognized as such by order of the commissioners court appointing hands to work it, that those facts were sufficient evidence to establish that it was a public road, independent of an order of the court to that effect.   See McWhorter v. State, 43 Tex. Crim. Rep. 666, and other cases cited.

**4.—Same—Jeopardy—Not Supported by Facts.**

Where appellant, on trial for driving a motor vehicle while intoxicated, which is a felony, plead former jeopardy, based upon a plea of guilty to drunkenness, entered in a justice court, and the payment of a fine of one dollar, and the facts showed that appellant engineered the making of the

complaint for drunkenness, for the express purpose of defeating the present prosecution, under such circumstances the same constitutes no bar, as claimed by him. See Warriner v. State, 3 Tex. Crim. App. 104.

**5.—Same—Continued.**

"Sometimes a man, conscious of guilt, procures a proceeding against himself, and suffers a slight punishment, thinking thereby to bar a prosecution carried on in good faith. In such a case, if the first prosecution is really managed by himself, either directly or through the agency of another, he is, while thus holding his fate in his own hands, in no jeopardy; the plaintiff, state, is no party in fact, but only such in name, the judge is imposed on, indeed, yet in point of law he adjudicates nothing. All is a mere puppet-show and every wire moved by the defendant himself. The judgment, therefore, is a nullity, and is no bar to a real prosecution." See Bishop's Crim. Law, Sec. 852. Also see other cases cited in opinion.

**6.—Same—Jeopardy—Lesser Offense—No Bar to Higher Rule Stated.**

Art. 536, C. C. P., provides: "A former judgment of acquittal or conviction in a court of competent jurisdiction shall be a bar to any further prosecution for the same offense, but *shall not bar a prosecution for any higher grade of offense* over which said court had jurisdiction, unless such judgment was had upon indictment or information, in which case the prosecution shall be barred for all grades of the offense."

Appeal from the District Court of Upshur County. Tried below before the Hon. J. R. Warren, Judge.

Appeal from a conviction for driving an automobile while intoxicated, penalty a fine of $50.00.

The opinion states the case.

*Florence & Florence* of Gilmer, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense unlawfully driving a motor vehicle upon a public road while intoxicated, penalty a fine of $50.00.

Appellant, among other things, makes the claim that this case should be reversed: (1) Because the court failed to charge on circumstantial evidence; (2) because the evidence was insufficient to show that the road in question was the Bettie and Simpsonville public road as alleged in the indictment, (3) because the appellant had theretofore been convicted upon the same transaction for which he was indicted in the instant case.

Appellant was seen on the occasion in question driving on what was denominated as the Bettie and Simpsonville road driving from one side of the road to the other. He drove up to Nelson's store from this road, a distance of a few feet, and there apparently fell asleep under circumstances from which it might be inferred that he was in a drunken stupor. Some

thirty-five minutes to an hour after that time he got out of his automobile and stumbled and fell down. He was finally taken home by a friend. Witnesses testified in their opinion he was intoxicated at that time. A complaint was filed against him for being drunk in a public place, to which he plead guilty. He refers in his own testimony to being drunk on the occasion in question.

There was no opinion given by any witness that he was actually drunk while in the car and it is insisted therefore that the court should have charged on circumstantial evidence. The proven facts are in such close juxtaposition to the main fact as to be equivalent to direct testimony in our opinion. Disposing of a similar contention, Justice Davidson in the case of Baldwin v. State, 31 Tex. Crim. Rep. 589, uses the following language:

"The missing hogs were tracked a short distance from the place at which they were taken and discovered in the possession of defendant and his brother, who were driving them and who drove them on home and butchered them. While no witness saw defendant actually take possession of the hogs, yet the criminative circumstances are in such juxtaposition to the main fact that the omission to give the charge was not calculated to injure the defendant's rights." See also Fuller v. State, 104 Tex. Crim. Rep. 60. Davis v. State, 98 Tex. Crim. Rep. 643. Adams v. State, 34 Tex. Crim. Rep. 470.

We think the court properly refused to charge upon circumstantial evidence.

The indictment charged appellant with driving a motor vehicle upon the Bettie and Simpsonville public road and it is claimed that there is no testimony either that said road was ever designated by the commissioners court by an order as a public road or that the public ever used same as such. The County Clerk of Upshur County testified:

"This is the road overseer's record. There is such a road designated in this record as the Bettie and Simpsonville road. I have a map of that road here. This is the commissioners court minutes with a road map pasted in it. The road is designated on this record as the Bettie and Thomas road. Thomas and Simpsonville are the same. There is no other road designated on the map leading from Bettie to Thomas."

It was further shown that a road overseer was appointed until the regular meeting of the court in 1928 for part of the Bettie and Simpsonville road. One witness testified that this was a public road and that he had lived by it for fifty-five years. He called it, however, the Jefferson and Quitman road, and said

the road runs from Bettie to Simpsonville. Another witness testified:

"I live right there on the road. That road is generally known as the Bettie and Simpsonville highway. I don't know in fact what the name of that road is, that is what they call it."

A road may be shown to be a public road by proof of long continued usage, coupled with official recognition by proper authority. "Can a road be shown to be a public road only by the production of an order of the County Court establishing it as such? This precise question was presented in the case of McWhorter v. State, 43 Texas, 666, and in that case it was held that as the road had long been used as a public road and had been recognized as such by order of the court apportioning hands to work it, these facts were sufficient evidence to establish the fact that it was a public road, independent of an order of the court to that effect." Michel v. State, 12 Tex. Crim. App. 108. See also Berry v. State, 12 Tex. Crim. App. 249; Dyerle v. State, 68 S. W. 174.

We think the evidence is sufficient to show the road in question to be a public road under the rules before announced. The testimony tends to show the Bettie and Simpsonville public road to be a part of the Jefferson and Quitman road, and that it had been recognized as a public road for more than half a century.

The prosecution for this offense was begun by complaint in justice court in November, 1926. It appears without contradiction that a complaint was prepared by the attorney who now represents appellant charging him with drunkenness on the Jefferson Highway (claimed to be the same road as the one in the instant case) ; that such a complaint was signed and sworn to by a friend of appellant's before the justice of the peace in the presence of appellant, who immediately plead guilty without the issuance of a warrant and without the hearing of any evidence. Appellant testified that one of the reasons he plead guilty was to defeat the present case. The judgment of the justice court was introduced showing that he was convicted of such offense and paid a fine of one dollar for same in December, prior to his indictment in the present case in January, 1927. We think the facts show that the appellant engineered the making of this complaint for the express purpose of defeating the present prosecution and that under such circumstances the same constitutes no bar as claimed by him. It was said in the case of Warriner v. State, 3 Tex. Crim. App. 104:

"But sometimes a man, conscious of guilt, procures a proceeding against himself, and suffers a slight punishment, thinking

thereby to bar a prosecution carried on in good faith.  In such a case, if the first prosecution is really managed by himself, either directly or through the agency of another, he is, while thus holding his fate in his own hand, in no jeopardy; the plaintiff, state, is no party in fact, but only such in name; the judge is imposed on, indeed, yet in point of law he adjudicates nothing.  'All is a mere puppet-show, and every wire moved by the defendant himself.'  The judgment therefore is a nullity, and is no bar to a real prosecution.  This authority is supported by a number of decisions.  1 Bishop's Crim. Law, Sec. 852."

The rule is stated in L. R. A. (N. S.), 1918, A., p. 1182:

"A prosecution instituted by others at the instance of the guilty party for the purpose of defeating the state's prosecution against him is fraudulent and judgment thereunder will not constitute a bar to the state's prosecution."

The following authorities are cited to support this rule:  State v. Caldwell (1902), 70 Ark. 74, 66 S. W. 150; Toney v. State (1916), —— Ala. App. —, 72 So. 508; Watkins v. State (1879), 68 Ind. 427, 34 Am. Rep. 273; Peters v. Koepke (1900), 156 Ind. 35, 59 N. E. 33; Brackney v. State (1914), 182 Ind. 343, 106 N. E. 532; De Haven v. State (1891), 2 Ind. App. 376, 28 N. E. 562; State v. Green (1864), 16 Iowa 239; State v. Smith (1897), 57 Kan. 673, 47 Pac. 541; Com. v. Churchill (1809), 5 Mass. 174; Com. v. Dascom (1873), 111 Mass. 404; State v. Little (1818), 1 N. H. 257; State v. Epps (1857), 4 Sneed (Tenn.) 552; Stepp v. State (1903), — Tex. Crim. Rep. —, 77 S. W. 787; Com. v. Jackson (1826), 2 Va. Cas. 501; McFarland v. State (1887), 68 Wis. 400, 60 Am. Rep. 867, 32 N. W. 226.

We further believe the appellant fails to bring himself within the terms of Art. 536, C. C. P., reading as follows:

"A former judgment of acquittal or conviction in a court of competent jurisdiction shall be a bar to any further prosecution for the same offense, but shall not bar a prosecution for any higher grade of offense over which said court had no jurisdiction, unless such judgment was had upon indictment or information, in which case the prosecution shall be barred for all grades of the offense."

Under the undisputed facts the former conviction was not a bar to the present prosecution, nor was any jury question presented for determination.

We have carefully examined the other contentions of appellant and finding no merit in any of them, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.