

# THE ATTORNEY GENERAL
## OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN 11, TEXAS

May 5, 1964

Hon. Jack H. Holland
County Attorney
Henderson County
Athens, Texas

Opinion No. C- 254

Re: Whether a person can be
charged with operating
a motor vehicle while
his license was under sus-
pension, when he has plead
guilty and paid a fine for
operating a motor vehicle
without a driver's license,
involving the same trans-
action.

Dear Mr. Holland:

In your letter requesting an opinion of this office, you state the following facts:

"A person was charged in a justice of the peace court with a violation of Article 6687b, Section 2(a), to wit: not having a driver's license. The defendant pleaded guilty and paid a fine. A subsequent traffic check with the Department of Public Safety revealed that the defendant's driver's license had previously been suspended and said suspension was in effect at the time the defendant was charged and pleaded guilty in the justice court and still is in ef- fect. I would appreciate your advising me whether the defendant can, after he has paid his fine in the justice court be charged with a violation of Section 34, of Article 6687b, to wit: driving while his license is under suspension."

Section 2(a) and Section 34 of Article 6687(b) Vernon's Civil Statutes read as follows:

"Section 2. Drivers must have license

"(a) No person, except those herein- after expressly exempted, shall drive any motor vehicle upon a highway in this State unless such person has a valid license as an operator, a commercial operator, or a chauffeur under the provisions of this Act."

-1222-

"Section 34. Driving while license
suspended or revoked.

"Any person whose operator's, commer-
cial operator's or chauffeur's license or
driving privilege as a non-resident has
been cancelled, suspended, or revoked as
provided in this act and who drives any
motor vehicle upon the highways of this
state while such license or privilege is
cancelled, suspended, or revoked is guilty
of a misdemeanor, and, upon conviction,
shall be punished by a fine of not less
than twenty-five dollars ($25), and not
more than five hundred dollars ($500)
and, in addition thereto, there may be
imposed a sentence of imprisonment not to
exceed six (6) months."

Article 1, Section 14 of the Constitution of the State of
Texas provides that:

"No person, for the same offense,
shall be twice put in jeopardy of life
or liberty, nor shall a person be again
put upon trial for the same offense,
after a verdict of not guilty in a court
of competent jurisdiction."

Article 536 of Vernon's Code of Criminal Procedure pro-
vides that:

"A former judgment of acquittal or
conviction in a court of competent jur-
isdiction shall be a bar to any further
prosecution for the same offense, but
shall not bar a prosecution for any
higher grade of offense over which said
court had no jurisdiction, unless such
judgment was had upon indictment or in-
formation, in which case the prosecution
shall be barred for all grades of the
offense."

In Richardson v. State, 109 Tex.Crim. 403, 5 S.W.2d 141,
(1928) the court held that a conviction before a justice of
the peace for drunkenness on a highway was not a bar to a
subsequent indictment and prosecution involving the same trans-
action for driving an automobile while intoxicated.

In Mangan v. State, 344 S.W.2d 448, (Tex.Crim. 1961), defendant was prosecuted in corporation court upon a complaint for indecent exposure and was subsequently tried on two separate offenses of aggravated assault in the county court at law. Both charges arose out of the same transaction and the defendant filed a plea of former conviction wherein he alleged that he had been found guilty in corporation court of the offense of indecent exposure arising out of the same transaction for which he was on trial in the county court at law. There the court held that under Article 536, that:

> ". . . appellant's prosecution in corporation court, upon complaint for indecent exposure, would not bar his prosecution in county court for the higher grade offense of aggravated assault."

The Court in support of this proposition cited the following cases: Henkel v. State, 27 Tex.App. 510, 11 S.W. 671 (1889); Caudle v. State, 57 Tex.Crim. 363, 123 S.W. 413 (1909); Ex Parte Hernandez, 126 Tex.Crim. 303, 71 S.W.2d 289 (1934). Since a violation of Section 2 of Article 6687(b) provides for a fine of not more than $200 it is therefore a misdemeanor and is triable in the justice of the peace court under a complaint and is not brought under an indictment or information as provided for under Article 536 it is our opinion that the defendant can, even after he has paid his fine in the justice court for driving without a license, be tried for violation of Section 34 of Article 6687(b), to wit: driving while his license is under suspension.

In view of the fact that the penalty provided for driving while license is suspended is a fine of not less than $25 nor more than $500 and in addition thereto, there may be imposed a sentence of imprisonment not to exceed six months, and therefore is only triable in the county court of law, this would not be in violation of Article 536.

Therefore, the defendant can be charged with the violation of Section 34, Article 6687(b), to wit: driving while his license is under suspension.

## SUMMARY

Conviction before the justice of the peace for driving without a license is not a bar to a subsequent charge involving the same motor vehicle operation brought on information and complaint before the county court at law

charging the defendant with the violation of
Section 34 of Article 6687(b), to wit: driving
while his license is under suspension.

Very truly yours,

WAGGONER CARR
Attorney General of Texas

By _____
Allo B. Crow, Jr.
Assistant Attorney General

ABC:cg

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Norman Suarez
Robert Smith
Malcolm Quick
W. O. Shultz

APPROVED FOR THE ATTORNEY GENERAL
By:  Stanton Stone