R. W. PARROTT V. THE STATE.

No. 8663.   Delivered March 25, 1925.

Rehearing denied May 6, 1925.

1.—Transporting Intoxicating Liquor—Sufficiency of Evidence—Question for Jury.

Where a record discloses a case of conflicting facts, those for the state being conclusive of guilt, those for appellant combating same, the jury are the exclusive judges of the weight of the testimony and of the facts proven, and this court is not authorized to invade this province of the jury.

2.—Same—Statute Construed—Liquor Law.

Under the act passed at the called session of the 37th Legislature p. 233, it is made an offense to transport intoxicating liquor in this state, in any quantity, for any purpose, not exempted in the statute, and it is not necessary that such transportation to constitute an offense, be for the purpose of sale. Distinguishing M. K. & T. Ry. Co. v. Mahaffey, 105 Texas, 294.

Appeal from the District Court of McLennan County.   Tried below before the Hon. Richard I. Monroe, Judge.

Appeal from a conviction of transporting intoxicating liquor; penalty, two years in the penitentiary.

The opinion states the case.

*Jno. B. McNamara, Jno. W. Spivey, of Waco,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, Judge.—Appellant was convicted in the district court of McLennan County of transporting intoxicating liquor, and his punishment fixed at two years in the penitentiary.

The record discloses a case of conflicting facts, those for the State judges of the weight of the testimony and of the facts proven, and appellant combating said proposition. The jury are the exclusive having solved these issues adversely to appellant, we do not feel called on to disturb their verdict.

Able counsel for appellant moved to quash the indictment because it failed to allege that the liquor was transported for purposes of sale, and in his brief calls attention to the language in the caption of the act passed at the Called Session of the 37th Legislature. p. 233,—insisting that the expressions in the caption and the failure to incorporate same in the body of the law, either makes said law void or necessitates the reading into the law of the expression "Transport for the purposes of sale" found in the caption. We quote the caption:

"An Act to repeal Sec. 31 and to amend Sections 1 and 2 of Chapter 78 of the General Laws of the Second Called Session of the Thirty-sixth Legislature, and to add thereto Sec. 2a, 2b, 2c. 2d, and E, and to amend the caption to conform thereto, making it unlawful for any person directly or indirectly, to manufacture, sell, barter, exchange, transport, export, deliver, solicit, take orders for, or furnish spirituous, vinous or malt liquors, or medicated bitters capable of producing intoxication, or any other intoxicants whatever, or any equipment for making such liquors, or to possess or receive for the purpose of sale any such liquors herein prohibited.

Declaring that it shall be unlawful for any person directly or indirectly to manufacture, sell, barter, exchange, transport. export. deliver, solicit, or take orders for, or furnish any spirituous, vinous or malt liquors, or medicated bitters, or any potable liquor, mixture, showing beyond any question the guilt of appellant; those for or preparation containing in excess of one per cent of alcohol, by volume, or any equipment for making any such liquors, or, to possess, receive, or *transport for the purpose of sale* any such liquors herein prohibited. Providing that it shall not be unlawful for any person to manufacture, sell, barter, exchange, transport, export, deliver solicit, take orders for, furnish, possess, or deliver spirituous, vinous, or malt liquors, or medicated bitters after permit has been duly authorized and given by the proper authorities, for medicinal, mechanical, scientific, or sacramental purposes. Providing further that the purchaser, transporter, or possessor of any of the liquors herein prohibited shall not be held in law or fact to be an accomplice. Providing further that no person over twenty-five years of age

convicted under any of the provisions of this Act shall have the benefit of the Suspended Sentence Law, and declaring an emergency.''

That part of said caption referred to and relied on by appellant will be found at the end of the first sentence of the second paragraph of said caption which, in so far as it refers to the transporting of such liquor, appears clearly to refer to liquor containing more than one per cent of alcohol by volume, which does not affect the offense of which appellant was convicted. We are not of opinion that in any event the insertion of the language upon which appellant bases his contention herein, would have any effect when the charge was the transportation of liquor described as intoxication. We pretermit any discussion of whether the point raised would be of effect if the indictment charged transportation of liquor containing more than one per cent of alcohol by volume. Such discussion here would be aside from any question actually before us, and would be but obiter dicta. Appellant cites the case of M. K. & T. Ry. Co. v. Mahaffey, 105 Texas, 394, as supporting his contention, but an analysis of that opinion discloses nothing at variance with out conclusions as above stated. This being the only point relied upon by appellant, and being unable to agree with him, the judgment of the trial court will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant raises no new questions, but insists that our opinion is not in consonance with M. K. & T. Ry. Co. v. Hahaffey, 105 Texas, 394. If not, that decision would not control, but we are still of opinion that our conclusion in no way conflicts with the holding in that case. Our Supreme Court was there construing a doubtful law in the light of its caption. We are confronted by no such situation. In that case the caption manifested the clear purpose of the law to apply only to the allowance of attorney's fees in suits upon claims of two hundred dollars or less. The provisions of the body of the statute restricting the amount of such attorney's fees to twenty dollars,—and making no reference to the amount involved in the suit, led to the attack on the law made in a suit on a claim for less than two hundred dollars. The objection to the law was that it was obnoxious to Sec. 35, Art. 3 of our Constitution which forbids embracing in one legislative bill more than one subject which must be expressed in the title of the act. Reasoning that to make such restricted attorney's fees apply to suits where large amounts were involved, was not within the legislative intent, and that it was the court's duty to uphold the doubtful body of the statue if possible by construing it and the title to the

act together, our Supreme Court correctly, as we think, held the law only to apply to claims in amount two hundred dollars or less.

In the case before us we have no doubtful statute set forth in the body of the law whose true meaning can only be ascertained by a reference to its title! Both sections of the amended statute,—the one referring to liquor which is intoxicating,—and the one referring to liquor whose alcoholic content exceeds one per cent by volume, forbid expressly the transportation of liquor of the kind mentioned, and allows possession and reception of such liquor only when for purposes other than sale. We think the case properly decided in the original opinion.

Being unable to agree with appellant's contention, the motion for rehearing will be overruled.

*Overruled.*