## LOUIS JOHNSON v. THE STATE.

No. 10335.     Delivered December 15, 1926.

Rehearing denied January 26, 1927.

1.—Transporting Intoxicating Liquor—Practice on Appeal—No Sentence—Cause Dismissed.

     It is a prerequisite to an appeal that sentence shall be passed by the lower court, and the record on appeal must show that appellant was sentenced. In the absence of such showing, as appears in the record before us, the cause must be dismissed. Following Hart v. State, 14 Tex. Crim. App. 323; Arcia v. State, 26 Tex. Crim. App. 193, and Wooldridge v. State, 61 Tex. Crim. Rep. 324.

ON REHEARING.

2.—Same—Evidence—Properly Received—Search Warrant—Not Necessary.

     The record having been corrected, the case will now be considered on its merits.

     Where appellant was seen by officers driving an automobile, and on discovering that the officers were following him, threw a jug and a fruit

jar of whiskey out of the car, there was no issue presented of a search without a warrant, the whiskey not being found in the car, as the result of any search.

### 3.—Same—Misconduct of Jury—Not Reversible Error.

Where, after the jury had agreed on a verdict of guilty, one of the jurors remarked that he had lost a barrel customer, that appellant had made arrangements to buy his empty pickle barrels, there being no testimony as to the purpose for which the barrels were sold to appellant, we are not impressed with the belief that this was misconduct of such gravity or hurt as to call for a reversal of this case.

Appeal from the District Court of Gregg County. Tried below before the Hon. P. O. Beard, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty two years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in District Court of Gregg County of transporting intoxicating liquor, punishment two years in the penitentiary.

The record is before us without any sentence. The entry of a sentence is a prerequisite to an appeal. Hart v. State, 14 Tex. Crim. App. 323; Arcia v. State, 26 Tex. Crim. App. 193; Wooldridge v. State, 61 Tex. Crim. Rep. 324. In the absence of a sentence this court is without jurisdiction to pass upon the questions raised on this appeal.

The appeal is dismissed.                                        *Dismissed.*

### ON MOTION TO REINSTATE APPEAL.

LATTIMORE, JUDGE.—The appeal in this case was dismissed at a former day because the record contained no sentence. This omission is now supplied, and the case is considered on its merits.

The facts show that officers stopped a car in which were appellant and two other negroes, at about 11 o'clock in the night, out on a public road. The officers had a flash light, and placed a car across the road. Just before the car in which appellant was came to a stop, a jug and a fruit jar of whiskey were thrown from the car. Richard Page, one of the negroes in the car with appellant, testified that appellant hired him that night to go out in the country to the point where appellant procured

the whiskey, which was thrown from the car.   Ed Page testified that appellant told him that afternoon, in response to an inquiry by witness if appellant had anything to "stir him up," that he was going after some that night and expected to be back by 8 o'clock, if they had no bad luck.   The testimony showed that the car in which appellant and the other negroes were had been delayed by tire trouble.

Appellant seeks to invoke the provisions of Arts. 4a and 727a, 1925 C. C. P., against the reception of the testimony of the officers, Hayes and Gibson, relative to the finding of the whiskey thrown from the car.   The complaint is without merit.   The whiskey was not found in the car as the result of any search. That the officers had no search warrant, therefore, was immaterial.   Brown v. State, 92 Tex. Crim. Rep. 147.

Appellant sets up misconduct of the jury in his motion for new trial.   There being proof before the jury that appellant had been convicted of burglary and theft, reference thereto in the jury room did not amount to misconduct.   The fact that a person eating an apple sat down on the lawn near the jurors and that one of them spoke to him, it being shown affirmatively that there was no reference in any way to the case on trial, presents no such misconduct as would call for a reversal.   After the jury had agreed upon a verdict of guilty, one of the jurors remarked that he had lost a barrel customer.   He said that some one had made arrangements with him to buy his empty pickle barrels and that appellant was to come for them at night. Some of the jurors heard this statement and a number testified that they did not hear it.   We do not perceive the materiality or injurious effect of such statement.   There was no testimony as to the purpose for which the barrels were sold, nor was there any argument in the jury room relative to such statement or its effect or purpose.   The juror who made the statement said that he realized that they had already voted to send appellant to the penitentiary when he made this statement.   We are not impressed with the belief that this was misconduct of such gravity or hurt as to call for a reversal of the case.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*