## GRANVILLE JACKSON V. THE STATE.

No. 10040.　Delivered January 12, 1927.

Rehearing denied June 8, 1927.

**1.—Possessing Intoxicating Liquor—Search and Seizure—Statute Construed.**

Sec. 2 of Chap. 149, Acts of Thirty-ninth Legislature, must be construed in connection with Sec. 1 of said Act. These Acts of the legislature were not intended to impede the efforts of our peace officers in the enforcement of our penal laws. Their real purpose was to protect the citizen in his rights against *unreasonable* searches and seizures. They must be reasonably and rationally construed, and not in their literal sense.

**2.—Same—Continued.**

It could not be reasonably contended that for officers to enter and search a man's premises at his invitation, or with his consent, would constitute a violation of the second section of said Act. To place such a literal effect upon it, would render peace officers virtually impotent to arrest criminal offenders, and to punish crime. The legislature which enacted the law never intended that it should be so construed. See Maldonato v. U. S., 234 Fed. 853, and other cases cited.

**3.—Same—Evidence—Held Sufficient.**

The search of appellant's premises having been consented to by him, was lawful, and the discovery of more than three dozen bottles of intoxicating liquor, buried therein, the possession of this liquor established the offense for which he was tried, and no error appearing in the record, the judgment is affirmed.

ON REHEARING.

**4.—Same—No Error Disclosed.**

On rehearing, nothing being made to appear that our original disposition of the case was not proper, the motion is overruled.

Appeal from the District Court of Kerr County. Tried below before the Hon. R. H. Burney, Judge.

Appeal from a conviction for the possession of intoxicating liquor for the purpose of sale, penalty one year in the penitentiary.

The opinion states the case.

*Lee Wallace* of Kerrville, and *W. C. Linder* of San Antonio, for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

LATTIMORE, Judge.—Conviction in District Court of Kerr County of possessing intoxicating liquor for purposes of sale, punishment one year in the penitentiary.

Sec. 1 of Chap. 149, Acts Thirty-ninth Legislature, is an exact copy of Sec. 9, Art. 1 of our State Constitution, and is as follows:

"The people shall be secure in their persons, houses, papers and possessions from all unreasonable seizures or searches; and no warrant to search any place, or to seize any person or thing, shall issue without describing them as near as may be, nor without probable cause, supported by oath, or affirmation."

It may not be amiss to call attention to the fact that the fourth amendment to the Constitution of the United States guarantees to all citizens immunity against *unreasonable* searches and seizures. The second section of said Chap. 149 is as follows:

"It shall be unlawful for any person or peace officer, or state ranger, to search the private residence, actual place of habitation, place of business, person or personal possessions of any person, without having first obtained a search warrant as required by law."

Sec. 3 thereof provides a penalty for any person who violates the provisions of this Act.

Chap. 49 of the Acts of said legislature, in Sec. 1 thereof, creates a new rule of evidence as follows:

"No evidence obtained by an officer or other person in violation of any provision of the constitution or laws of the State of Texas or of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case."

This new rule of evidence must apparently depend for its life and vitality on Sec. 2 of said Chap. 149, supra, for until its enactment the courts of this state have not been called upon to go beyond the constitution which only forbade searches and seizures when unreasonable. It will be observed that Chap. 149 is a general law—applicable alike to all persons, all officers, all state rangers, and to all searches of private residences, actual places of habitation, places of business, persons and personal possessions of any person, at any or all times and places; and,

if given that strict and literal effect contended for by appellant in this case, might entail disastrous consequences upon those seeking to enforce the laws against murder, theft, robbery, burglary, etc. It would seem beyond credence that any legislature would intend that a peace officer who is commanded by statute to arrest without warrant one who commits a felony within the view or presence of such officer may not search the person of his prisoner and take from him weapons or stolen money, jewelry, etc., which may be so easily thrown away, lost or secreted, if the officer in fact be required to hunt up a magistrate and obtain a search warrant before the prisoner could be searched; or that a peace officer arresting a desperado may not take from him knives, pistols, etc., without waiting to carry him possibly long distances in search of a magistrate before whom he should make an affidavit as a predicate for such taking; or that a peace officer upon representations of a credible person that a felony has been committed and the offender is about to escape, upon whom under other statutes is placed the duty of pursuing and arresting without warrant such offender—would be confronted with the alternative of such delay as to make unlikely the capture of the offender, or else proceed to pursue and capture one whose person or car he could not search to find evidence of the correctness of his information, and of the commission of the offense. In these instances just referred to and many others where officers and other persons are commanded, for the purpose of preventing and detecting the commission of crime, to make arrests, and retake property, the literal and exact construction of this law contended for by appellant, would render wholly ineffectual the efforts of the officers, or else make criminals of them, and to give the same exact and literal effect to Chap. 49 referred to, would compel the courts to reject the evidence of officers who searched prisoners upon arrest, or who upon reliable information that robberies, thefts and holdups had been committed, pursued the fleeing offender and caught him in his flight with the stolen property upon his person or in his car. Manifestly for such officer to be put to the delay of finding a magistrate and getting a search warrant for a man who, or whose car he cannot describe, and who is escaping, would set a premium on lawlessness. Nor can we think it ever intended by the legislature that an officer arresting a desperate character under a warrant, must bring his prisoner to where he can get a search warrant before removing from the person of such prisoner pistols, knives or other weapons, etc. Nor that a man who may be in the pasture of another and comes across stolen cattle

or other property, or the slain form of some victim of a murder—must be held barred from giving outraged society the benefit of testimony as to what he has found, because forsooth he had no search warrant when he went fishing or started to take a walk.

This much is said because appellant contends in this case that there is nothing for the courts to do in regard to Chaps. 49 and 149 but to give a literal construction in every case to the language used, and hold the acts of the officers in this case unlawful because they had no search warrant when they entered his yard with his consent and upon his invitation, and found buried therein forty-odd bottles of liquor.

The facts here show that Federal officers with a search warrant searched the premises adjacent to those of appellant and, his movements having attracted their attention, they concluded to go over and see what he was doing. He did not testify but they testified that he met them at the gate and said, "Come on in and search all you want to," and opened the gate, and that upon this invitation they entered, and in searching found the liquor above referred to. The direct question presented by appellant is that it is unlawful for a person to search the premises of another even though the entry and search be with the consent and upon the invitation of the owner. We do not agree with this contention. Maldonato v. U. S., 234 Fed. 853; Meno v. State, 142 N. E. 382; McClung v. Brenton, 123 Ia. 368, 98 N. W. 881, 65 L. R. A. 519; Frix v. State, 148 Tenn. 478; Boswell v. State, 222 Pac. 707; Commonwealth v. Tucker, 189 Mass. 457, 76 N. E. 127, 7 L. R. A. (N. S.) 1056; 35 Cyc., p. 1265; Banks v. Commonwealth, 227 S. W. 455. In the last case mentioned the Court of Appeals of Kentucky held that an officer may search one's premises without an authorizing warrant if it is done with the owner's consent. It would seem needless to argue that if the owner asked or invited a person, whether an officer or not, to enter his private residence, premises or place of business, that such person would have a perfect right to accept the invitation or to enter with such consent, and that his entry would not be unlawful. It could hardly be believed that if while such person, officer, etc., was in such house or on such premises, he saw violations of the law or evidences thereof, that this would furnish excuse for his prosecution. So also it would seem incredible that any court should hold that such person might not testify as to the things he saw or heard. To hold otherwise would be to make the law a mock and the protector of all sorts of crime, and would bring endless confusion.

This leads us to the conclusion that the legislature inserted

Sec. 1, supra, of Chap. 149, to make the Constitution part of the law, purposing that said section should be considered in construing the application of said law in a manner in consonance with giving proper effect to existing statutes enacted for the protection of the life, liberty and property of our citizens, the upholding of which are deemed necessary for the protection of the people, and it would seem fair to conclude that not every person is intended to be punished who sees or finds evidences of crime on premises of another, but only an officer who purposely searches the private residence, actual place of habitation, place of business, person or personal possession of another without search warrant and in like manner who seizes the property of another.

In the instant case we further note that the learned trial judge submitted to the jury the question as to whether the search was with the free and voluntary consent of the owner, instructing them that unless they believed beyond a reasonable doubt that such was the case, the evidence thus obtained could not be considered, and in such case under the facts a verdict of not guilty should be returned. The record discloses that no other evidence was found or presented save that which was obtained by the search of appellant's yard, and under facts such as these the charge given by the trial court seems entirely correct.

Appellant makes the further contention that the evidence did not sustain the verdict, basing this on the proposition that it was not shown that the liquor contained one per cent of alcohol by volume. The conviction was for possession of this character of liquor. The officers destroyed all of the liquor found but two bottles which they turned over to one who analyzed same two days after its seizure, and testified that it contained 3.21 per cent of alcohol by volume. Appellant's contention seems to be that this does not exclude the possibility of there being such increase in the alcoholic content of said bottles during the two days after the officers seized same and before analysis, as might reduce the percentage at the time it was taken from appellant's possession to less than one per cent. We are not inclined to believe the record in such condition as to support this contention.

The only other contentions of appellant are upon matters of law which have been held by this court in many cases contrary to his view.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant rests his motion upon the proposition that this court should be controlled solely by the language of Arts. 4a, 1925 C. C. P., and 727a, id. This motion has been held up to enable appellant to find authorities which he thought he could find supporting his position, but none are cited. We are of opinion that the case was correctly decided in our original opinion.

The motion for rehearing will be overruled.

*Overruled.*