### J. G. CORTINAS V. THE STATE.

No. 10777.　Delivered March 16, 1927.

Rehearing denied May 11, 1927.

1.—**Transporting Intoxicating Liquor—Misconduct of Jury—Determination in Discretion of Court.**

Where, in his motion for a new trial, appellant complained of misconduct of the jury in receiving other evidence after their retirement, and evidence was heard upon the issue, the determination of the matter by the trial judge will not be disturbed, unless an abuse of his discretion is clearly shown.

2.—**Same—Evidence—Properly Excluded.**

Where appellant complains of the refusal by the court to permit him to testify as to statements made him by his co-defendant in jail, after their arrest, as qualified by the court, no error is presented in this bill.

### 3.—Same—Misconduct of Jury—Not Established.

On rehearing, appellant insists that the evidence developed upon hearing of his motion for a new trial, established misconduct on the part of the jury. The truth of the averment in the motion was a controverted question, that is, the evidence was conflicting touching its truth. Under such conditions, the finding of the trial court is binding here. See Ballew v. State, 97 Tex. Crim. Rep. 325, and other cases cited in opinion on rehearing.

### 4.—Same—Charge of Court—Forms for Verdict—Not Improper.

The fact that the trial court gave forms of verdict, in the absence of a showing which would suggest prejudice to the accused, none of which appears in the present case, there is no just ground for complaint. See Smith v. State, 280 S. W. 200; Hickox v. State, 95 Tex. Crim. Rep. 173.

Appeal from the District Court of Nacogdoches County. Tried below before the Hon. C. A. Hodges, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BETHEA, JUDGE.—The appellant was convicted of unlawfully transporting intoxicating liquor, and his punishment assessed at one year in the state penitentiary.

The appellant and another Mexican were arrested by the sheriff and his deputy while driving an automobile along the public road near the town of Nacogdoches. The car was stopped by the officers, and the evidence shows that the appellant and his companion threw some of the whiskey out of the car, breaking the jug, and attempting to destroy the whiskey. Appellant and his companion were arrested and taken to the jail. After they were locked up, a closer examination was made of the car and a gallon of whiskey was found.

The theory of the defense was that while appellant was walking along the public road going toward the town of Nacogdoches his companion took him into his car and that appellant did not know that there was any whiskey in the car at the time he was arrested.

Appellant in his bill of exception No. "M" claims that the jury received additional evidence after retiring to consider their verdict. The evidence introduced on the motion for a new trial is fully set out in said bill of exception. The learned trial judge

having heard the testimony of each of the jurors and having overruled the motion for a new trial, we are of the opinion that he was not in error.

By his bill of exception No. "O" the appellant complains of the court giving to the jury two forms of verdicts of guilty and only one form on which they could acquit him. This bill, as qualified by the learned trial judge, presents no error.

The appellant, by his bill of exception No. 2 complains of the court not permitting the appellant to testify as to what his companion, Lee Casas, told him in regard to the whiskey on the next day after the two had been arrested. This bill, when considered in the light of the trial court's qualifications, presents no error.

The appellant excepted to the court's charge for the reason that the evidence was insufficient to sustain a conviction and requested that his special charge No. 1 be given. Special charge No. 1 requested the court to instruct the jury to return a verdict of not guilty. Under the facts and circumstances of this case, we think it was a question of fact that should have been submitted to the jury, and the court committed no error in refusing to give this special charge.

There being no errors in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Appellant insists that the evidence developed upon the motion for a new trial supports his averment that in its retirement there was brought to the jury extraneous matters prejudicial to the appellant and that it was also revealed that one of the jurors was not impartial. In the motion it is claimed that while the members of the jury were equally divided touching the guilt or innocence of the accused, that juror Lang made the following remarks:

"That all the damned Mexicans made whiskey, and that if they had brought in every Mexican woman from the river to Nacogdoches, that they had seen the defendant go by their house afoot about sundown and that if the jury turned the defendant loose, he would do like all the rest of the damned Mexicans, go right back to bootlegging."

The court heard testimony from all of the jurors who sat in

the case. Two or three of them gave testimony in whole or in part supporting the averment mentioned. Others either denied the truth of the averment or stated that the remarks, if made, were not made in their hearing. Lang testified, categorically denying the use of the language mentioned, and also denying hearing any other juror make such expressions. He admitted that he did state that he "did not give the Mexican witnesses much belief;" that he did not pay much attention to the story of the Mexican woman there and did not give it much credibility. It seems manifest that the truth of the averment in the motion was a controverted question, that is, the evidence was conflicting touching its truth. Under such conditions, the finding of the trial court is binding here. See Ballew v. State, 97 Tex. Crim. Rep. 325; Watson v. State, 82 Tex. Crim. Rep. 305; Reese v. State, 87 Tex. Crim. Rep. 245; Barnard v. State, 87 Tex. Crim. Rep. 365; Kirby v. State, 96 Tex. Crim. Rep. 590; Dyer v. State, 282 S. W. 820; Henderson v. State, 282 S. W. 497. The mere fact that the juror stated that he did not give credit to the Mexican witnesses would not warrant a new trial. It was merely the estimate which the juror placed upon the credibility of the witnesses, a matter which the statute places definitely within the scope of the jurors' decision. See Honea v. State, 103 Tex. Crim. Rep. 242.

The fact that the trial court gave forms of verdict in the absence of something in their nature or some showing which would suggest prejudice to the accused, none of which appears in the present case, there is no just ground for complaint. See Smith v. State, 280 S. W. 200; Hickox v. State, 95 Tex. Crim. Rep. 173.

The motion is overruled.                    *Overruled.*