## W. Weir v. The State.

No. 10418.   Delivered June 8, 1927.

**1.—Possessing a Still, etc.—Search and Seizure—Consented To—Warrant Not Necessary.**

When approached by officers, appellant told them to go ahead and search his car, that there was a still in it, there was no necessity for a search warrant..

**2.—Same—Evidence—Properly Admitted.**

Where on a trial for possessing a still for the manufacture of intoxicating liquors, there was no error in permitting witnesses to testify that the apparatus found in appellant's auto was usable for the purpose of making intoxicating liquor, witness having first qualified.

**3.—Same—Evidence—Of an Accomplice—Properly Received.**

There was no error in permitting the witness Pyatt to testify that appellant made him a proposition to engage in the unlawful manufacture of intoxicating liquor, and that Pyatt's cooperation with him to the extent shown, was not in good faith, but with the intent and purpose of trapping appellant.

**4.—Same—Continued.**

There was also no error in permitting said Pyatt and Sheriff Fry to testify that Pyatt had informed the sheriff of the still and pointed out the car in which the still was found.

**5.—Same—Evidence—Proof of "Probable Cause"—Admissible.**

Proof of all information coming to the sheriff from all sources which

tended to establish "probable cause" for the search of appellant's automobile was properly admitted under the rule laid down in the Odenthal case, 106 Tex. Crim. Rep. 1.

**6.—Same—Continued.**

Testimony admitted for the purpose of showing "probable cause" as hereinbefore set out might with propriety have been limited by the court to the purpose above mentioned.

**7.—Same—Evidence—Statements of Defendant—Res Gestae—Properly Admitted.**

The statement of the appellant, made when he was arrested, to the sheriff that there was a still in his automobile, was a res gestae declaration and properly admitted, and was also admissible as a confession resulting in the finding of the fruits of the crime. Following Singleton v. State, 87 Tex. Crim. Rep. 302, and other cases collated in Vernon's Texas C. C. P. 1925, Vol. 2, p. 829.

Appeal from the District Court of Potter County. Tried below before the Hon. Henry S. Bishop, Judge.

Appeal from a conviction for possessing a still for the purpose of manufacturing intoxicating liquors, penalty one year in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney for the State.

MORROW, PRESIDING JUDGE.—The offense is the possession of a still for the purpose of manufacturing intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

The witness Pyatt testified that he was a citizen of Panhandle, Texas; that he had a conversation with the appellant in the town of Panhandle in which the appellant represented that he had an understanding with a man named May that whiskey would be manufactured by the appellant and sold by May. The witness further testified that failing to find May, the appellant proposed to Pyatt the same arrangements; that Pyatt assented and after consideration it was agreed that they should go to Amarillo, where appellant would manufacture the liquor and Pyatt would sell it at Panhandle. The parties went to Amarillo in a Ford car. After reaching Amarillo, the witness Pyatt reported the matter to Fry, sheriff of Randall County, and informed him that the appellant was in possession of an automobile containing a still which was obscured by bedding and other articles. Pyatt

pointed out the car to Fry, who in turn reported the matter to Sloan and Ramsey, deputy sheriffs of Potter County, and accompanied them to the automobile in question. Sloan and Ramsey told the appellant that they wanted to investigate him, to which he consented. They rode together in the car to the jail yard, where a search warrant was obtained. Before the search was made, appellant told the officers that there was a still in the car, and when informed that they were about to get a search warrant, he told them to go ahead and search the car; that no search warrant was needed. However, they got a search warrant, and upon searching the car, found a still suitable for manufacturing intoxicating liquor. The still had the odor and bore the appearance of having been used for that purpose.

The complaint of the receipt of testimony to the effect that the still which was found in possession of the appellant was usable for the purpose of making intoxicating liquor, we think is without merit. The witnesses were qualified, and in permitting one of them to give testimony in rebuttal, the trial court was not shown to have transcended the rule which vested in him discretion with reference to the order of the introduction of testimony. The appellant having been found in possession of the car, we fail to perceive any harmful error in the unsuccessful effort of the State to show that the car belonged to another person, especially in view of the verdict assessing the minimum punishment.

Appellant testified and took the position that Pyatt was an offender; that the automobile was under Pyatt's control, and that appellant was simply a passenger, innocent of the criminal intent or knowledge concerning the contents of the car. To meet this view, it seems to have been obviously proper to receive the testimony of Pyatt to the effect that the appellant had made to him a proposition to engage in the unlawful manufacture of intoxicating liquor, and that Pyatt's cooperation with him to the extent shown was not in good faith, but with the intent and purpose of trapping the appellant. For the same purpose was Pyatt's further testimony and that of Sheriff Fry to the effect that Pyatt had informed him and the deputies of the appellant's possession of the still and pointed out to them the appellant and the automobile in which the offending still was found.

The testimony of Fry, Sloan and Ramsey to the effect that they received information from Pyatt to the effect that the appellant was in possession of a still which was hidden in the car in the appellant's possession was admissible upon the issue of "probable cause," as that term is defined in Odenthal v. State, 290 S. W. 743; Battle v. State, 290 S. W. 762. It was upon this

information that the officers acted in securing the search warrant and in searching the car.

The declarations of Pyatt to the officers might, with propriety, have been limited by the court to the purposes above mentioned, and possibly such limitation would have been made had it been requested. However, it is not perfectly clear, in view of the appellant's contention and testimony, that Pyatt was in control of the car and the still, and the circumstances showing that they came to Amarillo together did not render the declarations of Pyatt to the officers, resulting in the discovery of the contraband property, admissible under the rule that the declaration of co-principals may be received against either of the parties. However, as to the admissibility upon that ground no opinion is expressed. The court charges the jury on the law of accomplice testimony, and the necessity for corroboration in connection with the testimony of Pyatt.

A bill of exceptions complains of the receipt in evidence of a statement by the appellant while he was under arrest that he had a still in his car, the objection being that the formalities required by the confession statute were not complied with. See Art. 727, C. C. P., 1925. The subsequent search, based on the declaration and other facts amounting to "probable cause," revealing that the still was in the car brings it within that phase of the confession statute which permits the introduction of a verbal confession of one under arrest where it results in the findings of the fruits of the crime or the instrument with which it was committed. See Singleton v. State, 87 Texas Crim. Rep., 302, and other cases collated in Vernon's Texas C. C. P., 1925, Vol. 2, p. 829. The declaration, moreover, seems to have been admissible under the rule of res gestae. White v. State, 278 S. W. 203; Copeland v. State, 94 Tex. Crim. Rep. 112.

A bill complains of the testimony showing the result of the search of the car and the finding of the still therein. The knowledge in the possession of Ramsey, obtained from the witness Fry, going to show that there was a still in the car covered with bedding, etc., together with the declaration of the appellant near the time of his arrest that the car contained a still, would have justified the search under the rule of "probable cause" as defined in Odenthal v. State, 290 S. W. 743; Battle v. State, 290 S. W. 762. Moreover, the evidence shows that the appellant consented to the search and told the officers that a search warrant was not needed. See Hall v. State, 288 S. W. 202. Furthermore, it appears that a search warrant was issued and executed.

Our examination of the evidence and the various complaints

of the procedure leads us to conclude that the·evidence supports the verdict and that in his rulings the trial judge committed no error justifying a reversal of the judgment. It is therefore affirmed.

*Affirmed.*