CHARLIE WEBB v. THE STATE.

No. 11529.   Delivered April 18, 1928.

Rehearing denied June 28, 1928.

The opinion states the case.

*Alexander & Baldwin* of Fort Worth and Pampa, for the appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is transporting intoxicating liquor; the punishment confinement in the penitentiary for one year.

Appellant's contention that the indictment should have been quashed because of the failure of the pleader to allege that the liquor was transported for the purpose of sale is overruled.   Parrott v. State, 271 S. W. 923.

Nor is the position tenable that it was necessary that it be alleged in the indictment that appellant knowingly transported the liquor. Cox v. State, 294 S. W. 564.

The evidence is sufficient to support the conviction and the refusal to instruct the jury to acquit was proper. Appellant was at a dance. Officers watched him. Appellant frequently left the dance hall, got in a car, drove away and returned in about twenty minutes. The last time he returned, officers first saw him sixty or seventy-five feet from the point where he later parked. Appellant was driving the car and accompanying him was one Beck. Appellant drove the car to the parking point. One of the officers flashed a light on the car. Appellant reached down between Beck and himself, secured a bottle and threw it from the car. The bottle fell near the officers and was immediately secured by one of them. It contained one-half pint of whiskey. After throwing the whiskey from the car appellant fled, leaving his car. He did not return. Some of his friends carried his car away. These facts were undisputed. Appellant offered no testimony.

We are unable to agree with appellant that the failure of the court to submit an instruction covering the law of circumstantial evidence constituted error. The facts proven were in such close juxtaposition to the main fact to be proved as to be equivalent to direct testimony. In his Annotated Penal Code of Texas, Section 1874, Mr. Branch lays down the rule as follows:

"If the facts proven are in such close juxtaposition to the main fact to be proved as to be equivalent to direct testimony a charge on circumstantial evidence is not required."

The text is supported by the following authorities: Holt v. State, 9 Tex. Cr. App. 582; Drews v. State, 34 Tex. Cr. App. 543, 31 S. W. 373; Cabrera v. State, 56 Tex. Cr. Rep. 141; 118 S. W. 1054; Bass v. State, 59 Tex. Cr. Rep. 191, 127 S. W. 1020.

The court submitted two forms of verdict, one to be used in case of an acquittal, the other to be used in the event of a conviction. There is nothing in the record suggesting that the action of the court in this respect prejudiced accused. There is, therefore, no just ground for complaint. Cortinas v. State, 294 S. W. 561, and authorities cited.

Appellant was not entitled to invoke the provisions of articles 4a and 727a C. C. P., against the reception of the testimony of the officers. The whiskey was not found as a result of the search of the

car. No search warrant was necessary. Johnson v. State, 290 S. W. 539.

The charge of the court made a fair presentation of the law, and we find no merit in appellant's contention that the court erred in overruling his exceptions to said charge and in refusing to give his requested instructions.

Other questions are presented which we have not undertaken to discuss. An examination, however, of all of appellant's contentions leads us to the conclusion that reversible error is not presented.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant has filed a lengthy motion for rehearing again insisting upon each proposition originally relied upon for reversal. We have patiently examined the authorities cited, and the arguments upon each proposition presented. We have not been lead to the conclusion that any error was committed in the former disposition of the case.

The motion for rehearing is overruled.

*Overruled.*