Meguel Hernandez v. The State.

No. 11969. Delivered November 14, 1928.
Rehearing denied February 20, 1929.

The opinion states the case.

*James A. Stephens* for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, Judge.—Offense, the unlawful manufacture of intoxicating liquor; penalty, eighteen months in the penitentiary.

Officers at nighttime came upon appellant and another Mexican in a secluded spot. There was found at this place a complete still in operation, two barrels of mash of about forty gallons each, and a jug half full of whiskey. At this time and place officers observed ap-

pellant punching up the fire under the still. Both Mexicans fled upon discovery of the presence of the officers and appellant was thereafter apprehended in some bushes nearby where he had hidden.

Appellant insists that the Court erred in not charging on circumstantial evidence. The proven facts show that appellant was caught assisting in the actual operation of a still. He was in such juxtaposition to the main fact to be proved as made the testimony, we think, direct and a charge on circumstantial evidence was therefore not required. Holt v. State, 9 Tex. Crim. App. 582; Wilkerson v. State, 300 S. W. 942.

The claim is made that a charge on principals under the above recited facts was a charge on the weight of the evidence. The Court gave the usual, and we think a correct, charge on principals and there being positive testimony that defendant and another were acting together, we think said charge was applicable and was in no sense a charge upon the weight of the evidence. Coggins v. State, 68 Tex. Crim. Rep. 266.

Appellant's defense was that he was accidentally present at the scene of the crime and did not particpiate in any way in its commission and had had nothing to with either the ownership or the operation of the still. This defense was, we think, fairly and pertinently submitted to the jury by the Court.

The evidence being sufficient and there being no errors shown in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Two officers located a still and concealed themselves until the moon rose, at which time they saw Meguel Hernandez and Manuello Devello at the still and saw them build a fire and heard them conversing but could not understand their language. The officers were 30 or 40 feet distance from the still. Devello saw one of the officers and fled. Hernandez also fled in a different direction, and was followed by one of the officers who finally found him hiding under some bushes. Devello was also arrested under similar circumstances. The still was in operation, making whisky, and a jug of whisky was on hand. One of the officers said that when he first saw the appellant, he was punching the fire

under the furnace, and that when called to he ran off and hid in the bushes. The appellant testified that he was on his way to the house of his father-in-law to take him a letter; that he knew nothing of the locality of the still. He said he saw "these boys" and a light there and stopped; that he had nothing to do with the still; that he was not making whisky and all that he did was to run; that he was excited because of the presence of the law.

The only phase of the court's charge against which criticism could justly be addressed is that in which the jury was instructed that the mere presence of the appellant at the time and place of the commission of the offense would not suffice to convict him; that the evidence must go further and show that the appellant, by words or gestures, encouraged the one who committed the unlawful act. The concluding paragraph reads thus:

" * * * so if you find and believe from the evidence that the defendant was merely an innocent bystander, and had no connection with the manufacture of the intoxicating liquor, if any, or if you have a reasonable doubt thereof, then you will give the defendant the benefit of that doubt and acquit him."

The quoted paragraph might have been more happily framed. It is followed in the sixth paragraph with the usual charge on the burden of proof, presumption of innocence and reasonable doubt; and, considering the charge as a whole no such fault is found as would, under the facts adduced and in the light of Art. 666, C. C. P., 1925, warrant a reversal of the judgment.

The motion for rehearing is overruled.

*Overruled.*