HENRY COLEMAN v. THE STATE.

No. 12063.   Delivered December 19, 1928.

The opinion states the case.

*Mathews & Foley,* for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for transporting intoxicating liquor; punishment, two years in the penitentiary.

It appears from the statement of facts that a group of officers met the car occupied by appellant and some others.  One of the officers asked the parties in the car certain directions, and it appears that the parties in the car and the officers talked together for a few minutes, and that then one of the officers, a deputy sheriff, said: "This is the car we are hunting for," and, according to his testimony, at this juncture the occupants of the car threw a bottle of whisky out of

the car and broke it. This witness said to the other officer, "Get around there, they are breaking it." They then told appellant and his party to get out, after which the car was searched, and two 5 gallon kegs were found each of which bore the odor of whisky, and one of which contained a quantity of the liquor. The kegs were under the seat of the car, and the one having whisky in it contained not quite one-half gallon. The defensive theory was a denial of the throwing of the bottle of whisky out of the car and the assertion that the party found the kegs and without knowledge of their contents, said kegs were put in the car and carried to the point where the search was made and the arrest took place.

The record contains seven bills of exception. Bill No. 1 presents objections to the testimony of one of the officers as follows: "There is the car we are after." This bill is qualified by the statement of the judge that this was said by the officer in the presence of appellant. The statement of facts seems to bear out this qualification. The matter shows no error.

Testimony of the officers as to the fact that a bottle of whisky was thrown from the car and that thereafter the officers searched the car and found the kegs, was objected to upon the ground, first, that the parties were under arrest; second, because the officers had no search warrant; third, because there was no probable cause justifying such search and arrest, and, fourth, because there was no consent given by appellant to the searching of the car. We find nothing in the record justifying the assumption that appellant or any of his associates were under arrest at the time the bottle of whisky was thrown from the car. It would hardly seem necessary to discuss further the proposition that when the bottle of whisky was thrown from the car this was sufficient to furnish probable cause for the search of the car by the officers, whether with or without a search warrant. It might further be observed that the car in question did not belong to appellant, and that he would not have the right, under our decisions, to interpose an objection to the search of said car, even if same was without probable cause. The authorities are numerous.

Bill of exceptions No. 3 presents objection to the movements of the officers from the time they received a phone message to come to the place where the arrest was made, up to the time appellant and his companions appeared. We observe nothing in the testimony of any possible injury to appellant, or violative of any of the rules. The officers merely testified that they were in a certain car, that they

came because they were phoned for, and that they had supper on the road.

Bill of exceptions No. 4 sets up objections to testimony that some one in the car threw a bottle of whisky out and that it struck a rock and broke. The objections were because the defendant was under arrest, and it was not shown that he personally threw the whisky out. The actions and conduct of appellant and all of his companions at the time would be res gestae of the offense. Plainly none of them were under arrest at the time the bottle was thrown out. The matter presents no error.

There is another bill complaining of the testimony of the officers as to the finding of the kegs and that one of them had whisky in it, and that both bore the odor of whisky. The objections are in substance the same as those which we have just above mentioned, and further discussion would be but repetition. This is also true of bill of exceptions No. 6.

Bill of exceptions No. 7 presents objection to the action of the court in permitting a deputy sheriff to sit by the district attorney and prompt him in the asking of questions upon this trial. The bill merely sets up that the deputy sheriff was sitting by the district attorney and prompting him in asking of questions, and that objections were made which were overruled by the court. There is nothing further in the bill to show what took place after the court overruled such objections. There is no showing of the asking of any further questions, or any further prompting by the officer, and manifestly in such case no showing of injury.

No error appearing in the matters complained of, and the evidence appearing to be ample to support the verdict and judgment, an affirmance will be ordered.

*Affirmed.*