### SHEPP CALLICUT V. THE STATE.

No. 16284.   Delivered February 14, 1934.
Rehearing Denied March 14, 1934.
Reported in 68 S. W. (2d) 1047.

The opinion states the case.

*Gus Morris* and *Milton Greer Mell,* both of Gilmer, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is transporting intoxicating liquor; the punishment, confinement in the penitentiary for one year.

John L. Duke testified, in substance, as follows: Appellant having advised him that he was going after some whisky, he accompanied him in his automobile to a negro's house where appellant secured several half-gallon fruit jars of whisky. On their way back they were met by some officers, who fired upon them. Appellant told him to throw the whisky out of the car, and, obeying his command, he disposed of the whisky by throwing the jars along the road. The witness was under indictment for the offense of transporting the whisky.

A deputy sheriff testified that he had been advised several days before by the sheriff that appellant was transporting intoxicating liquor in his automobile; that he got the number of appellant's car; that on the occasion in question he saw appellant at 1:30 A. M. driving his automobile along the highway; that he ordered appellant to stop, telling him that he was an officer; that appellant failed to obey his command, and he pursued him; that as he was pursuing appellant's car several jars of whisky were thrown from it; that one of the jars struck his (the witness') automobile and broke; that he could then tell by its odor that it was whisky; that after stopping appellant and arresting him and his companion he went back and secured some of the whisky that had been thrown from the car. The testimony of the deputy sheriff was corroborated by I. T. Rackley, who does not appear to have been an officer, but who was riding with the officer on the occasion in question. No whisky was obtained from the automobile.

The officer had no search warrant. Appellant opposed the testimony of the deputy sheriff and his companion touching the finding of the whisky on the ground that it was obtained by an illegal search. In the first place it is insisted that the facts and circumstances detailed by the officer failed to disclose probable cause, and in the second place, that the officer had not properly qualified as a deputy sheriff and therefore had no authority to make the search. We deem it unnecessary to determine whether the law had been complied with in the appointment of the officer. The whisky was not found as a result of the search of appellant's car. Hence he was not entitled to invoke the provisions of article 727a, C. C. P., against the reception of the testimony. Johnson v. State, 290 S. W., 539; Webb v. State, 8 S. W. (2d) 165. In Johnson v. State, supra, the officers stopped a car in which Johnson and two others were riding on a public

highway. Just before the car was stopped a jug and a fruit jar of whisky was thrown from it. One of the occupants of the car testified that he had gone with Johnson and gotton the whisky. It appears that no whisky was found in the car after it was stopped by the officer, but that the only whisky that was secured had been thrown from the car prior to the time it was stopped. The testimony of the officers was opposed on the ground that the search was illegal. In reaching the conclusion that the objection was properly overruled, this court used language as follows: "Appellant seeks to invoke the provisions of articles 4a and 727a, C. C. P., 1925, against the reception of the testimony of the officers Hayes and Gibson relative to the finding of the whisky thrown from the car. The complaint is without merit. The whisky was not found in the car as the result of any search. That the officers had no search warrant, therefore, was immaterial. Brown v. State, 92 Texas Crim. Rep., 147, 242 S. W., 218."

A similar situation was presented in Webb v. State, supra. In reaching the conclusion that the provisions of article 727a were not applicable, we cited Johnson v. State, supra, and held that the whisky was not found as a result of the search of the car. It follows that we are constrained to overrule appellant's contention.

It might be added that when the whisky was thrown from the car the officer and his companion were apprised that appellant was transporting it. One of the jars struck the car of the officer, and broke. The occupants of the car detected the odor of whisky. It thus appears that appellant was transporting intoxicating liquor in the presence and view of the officer and his companion. Article 212, C. C. P., provides that a peace officer or *any other person* may, without warrant, arrest an offender when the offense is committed in his presence or within his view, if the offense is one classed as a felony, or an offense against the public peace. Under the circumstances, it would appear to be immaterial whether the arresting parties were officers or private citizens.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Witness Duke, who was in the car with appellant at the time of his arrest on the charge herein,

having testified without dispute to the transportation of whisky by appellant on said occasion, it would appear idle for us to enter upon any extended discussion of the admissibility of the testimony of the officers who met appellant after midnight, and followed his car for a short distance, saw whisky thrown therefrom and arrested appellant. One of these officers swore as follows: "Yes, sir, I had the numbers on this car, and had the information that it was transporting liquor." The admission of testimony obtained by search without warrant, but upon probable cause, is discussed in Battle v. State, 105 Texas Crim. Rep., 568; Johnson v. State, 106 Texas Crim. Rep., 124; Straley v. State, 106 Texas Crim. Rep., 130; Plant v. State, 106 Texas Crim. Rep., 330; Jackson v. State, 107 Texas Crim. Rep., 169; Moore v. State, 107 Texas Crim. Rep., 24; Hughes v. State, 108 Texas Crim. Rep., 42; Coats v. State, 108 Texas Crim. Rep., 298; Bullock v. State, 112 Texas Crim. Rep., 314, and others. We think this case comprehended by the principles laid down in those cases.

Appellant cites authorities from other states, with some expressions in which this court would not be in agreement, but we see no need for extended criticism thereof.

Believing the case properly disposed of in the original opinion, the motion for rehearing will be overruled.

*Overruled.*