## C. C. RICHARDSON V. STATE.

No. 24206. January 12, 1949.

Hon. Wiley Caffey, Judge Presiding.

*Lessing & Reid,* and *J. W. Reid,* all of Abilene, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of a violation of the liquor laws in Taylor County and assessed a penalty of $700.00 fine and 6 months in jail.

It appears that agents of the Texas Liquor Control Board searched appellant's car and found a quantity of intoxicating liquor in his possession. The searching officer testified that he had received certain information and not having time to obtain a search warrant, he drove out on the road, and as appellant's car approached, he saw some one throw out of same a case of beer before he searched the car; that he then searched the car and found four four-fifths quarts of whiskey, as well as possessing himself of the case of beer. His testimony shows that the case of beer was thrown out of the appellant's car prior to the time of the search. We think the officer's testimony evidences probable cause for such search. See Callicut v. State, 125 Tex. Cr. R. 510, 68 S. W. (2d) 1047; Coleman v. State, 111 Tex. Cr. R. 154, 11 S. W. (2d) 794; Washington v. State, 107 Tex. Cr. R. 196; 296 S. W. 512; Blanks v. State, 111 Tex. Cr. R. 223, 11 S. W. (2d) 564.

The State also pleaded and proved the two other violations of a similar character wherein a conviction against appellant had resulted.

The State's witness, George Connell, testified before the jury over appellant's objection relative to having probable cause to search appellant's car in substance that he "had received information that Chuck Richardson (appellant) would deliver some whisky and beer out on Seventh Street in Abilene, east of the railroad, within the next few minutes and I got in my car with Inspector Bacques and we drove out there on South Eleventh Street and turned around and parked on the side street there, and in about two minutes C. C. Richardson came along." The witness then told about the search and finding certain liquor in the car, etc.

The portion of the testimony relative to the information received by the witness as to what appellant was going to deliver should not have been heard by the jury, such being admissible only before the judge in the absence of the jury in order for him to determine whether probable cause for a search

existed. Appellant's bill of exception properly brings this matter before us and such hearsay should cause a reversal hereof. It will be noted, however, that no issue was made relative to such information having been received. See Lee v. State, 126 Tex. Cr. R. 18, 70 S. W. (2d) 185; Maxwell v. State, 121 Tex. Cr. R. 190, 51 S. W. (2d) 334; Sealey v. State, 120 Tex. Cr. R. 260, 47 S. W. (2d) 295; Weaver v. State, 117 Tex. Cr. R. 335, 38 S. W. (2d) 85; Weddle v. State, 112 Tex. Cr. R. 250, 16 S. W. (2d) 244, and Hodge v. State. 214 S. W. (2d) 469. However, we are of the opinion that probable cause was shown to exist for such search, but that such hearsay information should not have been heard before the jury.

For the error shown, the judgment is reversed and the cause remanded.